**UNITED STATES of America, Petitioner, Appellee,**

v.

**George ALLEE, Respondent, Appellant.**

**No. 88–2067.**

United States Court of Appeals, First Circuit.

Heard Aug. 4, 1989.

Decided Nov. 3, 1989.

---

George Allee on brief pro se.

Wayne Budd, U.S. Atty., James I.K. Knapp, Acting Asst. Atty. Gen., Gary R. Allen, Charles E. Brookhart and David E. Brunori, Tax Div., Dept. of Justice, on brief for petitioner, appellee.

Before CAMPBELL, Chief Judge, TORRUELLA and SELYA, Circuit Judges.

PER CURIAM.

The appellant, George Allee, appeals a district court order holding him in civil contempt for failing "to comply fully" with that court's order enforcing an Internal Revenue Service (IRS) summons. The simultaneous order directing that the appellant be confined until he purges himself of the contempt was stayed by the district court pending this appeal of the contempt order. For the reasons which follow, we vacate and remand. We begin with the chronology of events up to, and including, the contempt hearing.

I.

On June 10, 1987, the IRS issued a summons to Allee to appear before Revenue Officer Homsey on June 25, 1987. The summons required Allee to appear in order to give testimony and to bring with him all documents and records he possesses or controls that reflect income he received for the years 1974 through 1986. The summons further stated, "This will enable us to prepare a Federal income tax return(s) for the year(s) 1974, 1975, 1976, 1977, 1978, 1979, 1980, 1981, 1982, 1983, 1984, 1985 and 1986 for which year(s) no return(s) has been made."

Every person liable for federal income tax is required to keep records relating to his liability. 26 U.S.C. § 6001 (1989). The IRS is authorized to make a return on behalf of a person who fails to file a return. 26 U.S.C. § 6020(b)(1989). For the purpose of making a return where none has been made, the IRS is authorized to issue a summons, such as described above. 26 U.S.C. § 7602 (1989).

On January 15, 1988, the government filed a petition, in the district court, to enforce the IRS summons. The petition recited that Allee failed and has refused to comply with the summons.[1] The district court issued an order to Allee to show cause why the summons should not be enforced and set a hearing for March 21, 1988, at 10 a.m.

Allee did not appear at 10 a.m. on the 21st. At 10:15 a.m., the district court entered an order enforcing the IRS summons. Allee arrived in court at 10:30 a.m. and asked to be heard. The court then vacated its order enforcing the summons, allowed Allee additional time to get an attorney and to prepare, and continued the hearing to a later date.

On April 28, 1988, a further hearing was held. Allee appeared without counsel, initially saying that he could not afford one. Allee proceeded to argue *pro se* that he need not comply with the IRS summons, based on his Fourth and Fifth Amendment

---

1. It is not clear whether Allee appeared on June 25, 1987, as required by the summons, but neither gave testimony nor produced the requested documents, or whether Allee did not even appear as required.

rights. Allee's arguments were somewhat vague and undeveloped. Essentially, he appeared to argue that the summons issued without probable cause in violation of the Fourth Amendment. Allee pointed out that the summons requested some documents, such as W-2 Forms and 1099 Forms, which one could assume the IRS to possess, yet the affidavit of Officer Homsey stated that the records sought by the summons were not now in the possession of the IRS. Allee's theory apparently was that if the sought-after records were not in the possession of the IRS, then there was nothing, *i.e.*, no probable cause, to connect him to any income-producing activity. Further, he contended, the summons was issued for the purpose of investigating criminal activity on his part and that producing records would implicitly authenticate them, in contravention of his Fifth Amendment privilege against self-incrimination. Finally, Allee argued that the request for documents was vague and called for him to make a discretionary determination as to what documents reflect income.

Counsel for the government responded that the summons was authorized by statute, reasonable in scope, limited to financial records that will enable the IRS to prepare a tax return and does not violate Allee's Fifth Amendment right because he may take the Fifth Amendment in response to specific questions. Further, government counsel indicated that presently the investigation was civil although it could develop into a criminal investigation.

The following dialogue then occurred:

THE COURT: Yes.

In other words, you have to understand that a situation like this could turn out to be a criminal case against you. You must comply with the summons. You must at least show up—

MR. ALLEE: Mm-hmm.

THE COURT: —at the time and place designated.

When you get there, if you feel that you run the risk of incriminating yourself—in other words, you have a constitutional right not to say anything or produce any paper if by doing so you feel that you might expose yourself to prosecution and, perhaps, the imposition of a penalty or a fine; but it doesn't protect you from showing up. You have to at least show up, say, "I am here. I have the records.[2] And I am asserting my Fifth Amendment right not to show them to you or to talk to you."

MR. ALLEE: Okay. I do have a lawyer that is going to fly into New York for a case the week of June 6th, she said. And she said she'd be happy to come up then and go with me if this comes to effect.

THE COURT: Why don't you do this—

MR. ALLEE: This was my idea basically.

THE COURT: To avoid making too complicated a legal issue, why don't you work out a date with them for him to show up with that lawyer and then assert whatever right he is going to assert so, at least, we can get the case on the proper track. Seems to me that is the way to handle it.

[GOVERNMENT COUNSEL]: Your Honor, I do have a proposed order. After we agree on the date, may I just give it to [the courtroom clerk]?

THE COURT: Yes. Give her the date and I will sign it.

(Transcript of hearing on 4/28/88 at pp. 6–7.)

The following day, April 29, 1988, the district court entered the order enforcing the IRS summons and requiring Allee to appear with the documents described in the summons before Revenue Officer Homsey

---

**2.** We vacate due to an insufficient record on which to review whether Allee properly invoked a Fifth Amendment privilege when ordered to appear before the IRS on June 15, 1988. We need not make a definitive ruling as to the correctness of the district court's suggestion contained here that Allee must admit to the possession of the requested records. However, we note the caselaw determining that a witness can not be ordered to testify as to the existence or whereabouts of certain tax records, such as those sought by the summons at issue here. *See United States v. Edgerton*, 734 F.2d 913, 919–22 (2d Cir.1984); *United States v. Cates*, 686 F.Supp. 1185, 1193 (D.Md.1988).

on June 15, 1988. Allee did not file an appeal from the order of enforcement. Allee appeared (without counsel) on June 15th but, according to an affidavit of Officer Homsey, he refused to testify on the basis of the *Fourth Amendment* and also failed to produce the documents described in the summons.

The government then petitioned the district court for an order holding Allee in contempt of court for failing to comply with the court order of enforcement. The court issued an order to Allee to show cause why he should not be held in contempt. The show cause order directed Allee to appear in district court on September 13, 1988. The record does not indicate what, if anything, happened on September 13th. The next docket entry indicates that on October 3, 1988, there was a "further hearing," but that Allee failed to appear, and further recites, a "bench warrant to issue."

Allee appeared, again without counsel, at a hearing on October 17, 1988. The government related that Allee had appeared before Officer Homsey on June 15th, but that, according to Homsey, "he claimed the Fourth Amendment and did not testify or produce any documents." (Tr. at p. 2.) Allee argued that he complied with the summons by appearing and had raised his Fourth *and Fifth Amendment* rights. Officer Homsey was available at the contempt hearing, but was not called to testify, and the district court made no express factual finding in the dispute over whether Allee invoked both Fourth *and* Fifth Amendment rights when Allee appeared before Officer Homsey on June 15th. The district court found Allee in violation of the court order of enforcement and held him in contempt of court. It is Allee's appeal from that contempt order which is presently before us.

## II.

■ Initially, we address the scope of this appeal. Allee did *not* appeal the district court order of April 29, 1988, enforcing the IRS summons. The validity of that enforcement order is, therefore, res judica-

ta, says the government. "[A] contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy." *Maggio v. Zeitz*, 333 U.S. 56, 69, 68 S.Ct. 401, 408, 92 L.Ed. 476 (1948). When, as in this case, an enforcement order is unappealed from, a contempt proceeding (as well as any subsequent appeal from a finding of contempt), begins with acceptance of the validity of the prior enforcement order. *Id.* at 70. "The earlier order may not be impeached, avoided or attacked in the later proceedings and no relief can be sought against its command." *Id.* at 74, 68 S.Ct. at 410.

Allee argues, however, that the enforcement order is *not* res judicata because it was not a final appealable order at the time of its issuance. If it was not final and appealable, then, Allee further argues, he is not barred from raising anew his alleged defenses to the enforcement order. Allee acknowledges the existence of caselaw adverse to his position. In *Reisman v. Caplin*, 375 U.S. 440, 449, 84 S.Ct. 508, 513, 11 L.Ed.2d 459 (1964), the Supreme Court squarely stated that orders enforcing IRS summons are appealable. *See also United States v. Lawn Builders of New England, Inc.*, 856 F.2d 388, 391 (1st Cir.1988) (per curiam).

Allee suggests, however, that the enforcement order in this case was not final and, therefore, appealable because it required him to do something subsequent to its issuance, *i.e.*, to appear before the IRS and assert whatever right he might have. Allee cites Ninth Circuit caselaw in support. That circuit has held that a district court order, enforcing an IRS summons and directing a summonee to appear subsequently before the IRS and raise a Fifth Amendment privilege, if appropriate, with respect to each question asked or each document sought, is not a final, appealable order. *Steinert v. United States*, 571 F.2d 1105, 1107 (9th Cir.1978); *see also United States v. Rendahl*, 746 F.2d 553, 555 (9th Cir.1984). The Ninth Circuit proposes that "[f]inality for purposes of appeal is not

reached before the court has determined what questions must be answered and what documents must be produced notwithstanding the claim of the Fifth Amendment privilege." *Steinert v. United States*, 571 F.2d at 1107.

Our view differs from that of the Ninth Circuit, but perhaps more in approach than in substance. We believe that the district court order enforcing the IRS summons *was* a final appealable order when it issued. The district court issued a final decision holding the IRS summons valid and ordering its enforcement. That decision was a final judgment on the merits of the only matter before the court—the petition to enforce the summons—and there was nothing left *for the court* to do but execute the judgment. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373, 101 S.Ct. 669, 672, 66 L.Ed.2d 571 (1981). Challenges to the issuance of the IRS summons and to the validity of the order enforcing that summons can, and must, be raised by timely appeal from the date of issuance of the enforcement order. That that order directed *one of the parties* to do something subsequent to the order—in this case, appear before the IRS and claim, if he desires and if warranted, a Fifth Amendment privilege as to each individual question and document—is not unlike many district court orders and does not affect the enforcement order's *finality* for appeal purposes. *See Daly v. United States*, 393 F.2d 873, 876 (8th Cir.1968).

■ It is a virtual certainty that had Allee filed an appeal from the order and had he attempted to raise a defense, at that time, based on a Fifth Amendment privilege, that particular challenge would have been unsuccessful. That is so, *not* because the enforcement order was not final, but because any potentially viable defense based on a Fifth Amendment privilege was not ripe for review at that time. A *blanket* objection to the issuance of an IRS summons based on the Fifth Amendment privilege against self-incrimination is not a viable defense. *E.g., United States v. Reis*, 765 F.2d 1094, 1096 (11th Cir.1985); *United*

*States v. Riewe*, 676 F.2d 418, 420 n. 1 (10th Cir.1982); *United States v. Davis*, 636 F.2d 1028, 1038 (5th Cir.), *cert. denied*, 454 U.S. 862, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981); *United States v. Jones*, 538 F.2d 225, 226 (8th Cir.1976), *cert. denied*, 429 U.S. 1040, 97 S.Ct. 738, 50 L.Ed.2d 752 (1977); *United States v. Bell*, 448 F.2d 40, 42 (9th Cir.1971). The recipient of a summons properly must appear before the IRS agent and claim the privilege on a question-by-question and document-by-document basis. *E.g., United States v. Riewe*, 676 F.2d at 420 n. 1; *United States v. Davis*, 636 F.2d at 1038; *United States v. Jones*, 538 F.2d at 226; *United States v. Bell*, 448 F.2d at 42. There are some perfectly innocuous questions (and perhaps documents as well), relevant to an IRS inquiry, to which no legitimate Fifth Amendment claim could apply. *See Daly v. United States*, 393 F.2d at 878. A district court (and this court, upon review) simply cannot make a determination as to the legitimacy of the interposition of the Fifth Amendment privilege, with respect to particular questions and documents, in advance. *See United States v. Jones*, 538 F.2d at 226 (reviewing court can determine whether Fifth Amendment claim well-founded only after objection to particular question or document made); *United States v. Malnik*, 489 F.2d 682, 685 (5th Cir.) (same), *cert. denied*, 419 U.S. 826, 95 S.Ct. 44, 42 L.Ed.2d 50 (1974); *United States v. Bell*, 448 F.2d at 42 (same). That an issue may arise concerning a party's subsequent *compliance* with an order does not negate the enforcement order's finality, however. If the government believes that the enforcement order was not complied with, it may, as it did in this case, petition for an order of contempt, initiating a new proceeding, but the validity of the enforcement order is not relitigated by the district court. We disagree with the Ninth Circuit, therefore, insofar as it would view the enforcement order as non-final. We conclude that that order was final and appealable. *United States v. Edgerton*, 734 F.2d 913, 917 n. 3 (2d Cir.1984). Allee's failure to appeal that enforcement order forecloses any attack on

its validity.[3]  *Daly v. United States,* 393 F.2d at 878 (failure to appeal enforcement order waives all but the objections to the specific questions involved).

■ Nonetheless, although we proceed from the premise of a valid enforcement order, Allee's failure to appeal that order would not foreclose consideration of any issue concerning *whether he properly complied* with it.  *See id.* at 918.  The issue of Allee's compliance or non-compliance became ripe only when he appeared before the IRS after issuance of the enforcement order.  Notwithstanding his failure to appeal the enforcement order, on appeal from an order holding him in contempt for failing to comply with that enforcement order, Allee is not foreclosed from arguing that invoking his Fifth Amendment privilege was a valid response to particular questions asked or documents sought and was not contumacious.  Although we disagree with the Ninth Circuit insofar as it would view the enforcement order in this case as non-final, we, like the Ninth Circuit, believe that, in such a case, this appellant is not barred from raising a defense of privilege in the subsequent contempt proceedings.  *United States v. Rendahl,* 746 F.2d at 555.

### III.

■ The only issue properly presented on this appeal, therefore, is whether Allee had any legal justification for failing to comply with this valid order of the district court enforcing the IRS summons.  We are hampered, however, by a record which does not disclose what occurred when Allee appeared before Officer Homsey in response to the enforcement order.  Officer Homsey's affidavit avers that Allee appeared, but failed to produce the documents described in the summons and refused to give testimony based on a Fourth Amendment right.  Allee agrees that he neither testified nor produced documents, but told the district court at the contempt hearing that he raised both Fourth *and Fifth* Amendment rights at that appearance.  Allee's Fourth Amendment claim is foreclosed by his failure to appeal the enforcement order.  *See supra* at 212 & footnote 3.  The district court did not resolve the factual dispute as to whether Allee raised a Fifth Amendment claim at that appearance.[4]

3.  Therefore, Allee's claim that the summons and its enforcement violates his Fourth Amendment right against unreasonable searches and seizures and those lacking probable cause is foreclosed.

  We note that, in any event, the claim appears meritless.  The Fourth Amendment is not violated as long as the IRS has complied with the requirements of *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964)—the investigation is being conducted pursuant to a legitimate purpose, the inquiry is relevant to that purpose, the information sought is not already within the IRS' possession and the appropriate administrative steps have been followed.  *United States v. McAnlis,* 721 F.2d 334, 337 (11th Cir.1983), *cert. denied,* 467 U.S. 1227, 104 S.Ct. 2681, 81 L.Ed.2d 877 (1984); *United States v. Silkman,* 543 F.2d 1218, 1220 (8th Cir.1976), *cert. denied,* 431 U.S. 919, 97 S.Ct. 2185, 53 L.Ed.2d 230 (1977).  Allee's failure to file income tax returns for 13 years is a sufficient basis for the IRS to assume that Allee is liable for taxes.  *United States v. McAnlis,* 721 F.2d at 336; *see also United States v. Bisceglia,* 420 U.S. 141, 145–46, 95 S.Ct. 915, 918–19, 43 L.Ed.2d 88 (1975) (IRS has broad mandate to investigate persons who *may be* liable for taxes) (emphasis in original); *Sloan v. United States,* 621 F.Supp. 1072, 1073–74 (N.D.Ind.1985) (whether or not summonee is a "taxpayer" is irrelevant, since IRS has statutory authorization to investigate *potential* taxpayers), *aff'd in part and appeal dismissed in part,* 812 F.2d 1410 (7th Cir.1987).

4.  We do not believe that a fair reading of the contempt hearing transcript would allow us to conclude that the finding of contempt was an implicit finding that Allee had *not* invoked the Fifth Amendment privilege.

  THE COURT: Are you going to answer the questions that she put to you?

  MR. ALLEE: I did.  I could tell you exactly what transpired.

  THE COURT: I just want to know, are you going to comply with the summons?

  MR. ALLEE: I did comply with the summons, your Honor.  I used my Fourth and Fifth Amendment rights.

  THE COURT: I have already ruled that you are not entitled to do that.

  MR. ALLEE: I can't do that?

  THE COURT: I'm notifying you that you can't do that.

  MR. ALLEE: The last time I was in Court I made a statement, and you asked me what do I want to do, and I said, I asked, you know, what should I do, you know, what should I do in this case, and you mentioned that I could use my Fifth Amendment rights if I wanted to.  It must be on the transcript of the last time I was in here.

Further, assuming that Allee did raise an objection based on the Fifth Amendment at his appearance before Officer Homsey on June 15th, we are unable to determine from Allee's assertion on this point whether such objection was a refusal to testify and/or produce documents in general, or whether he invoked the Fifth Amendment privilege with respect to specific questions or in response to a request for specific documents.

We conclude, therefore, that we must vacate the order of contempt and remand for further proceedings by the district court. If the district court finds that Allee did not invoke any Fifth Amendment privilege at his appearance before Officer Homsey on June 15, 1988, we perceive no impediment to a renewed determination of contempt. Similarly, if the district court finds that Allee made solely a blanket objection, based on Fifth Amendment grounds, to the IRS request for testimony or documents, that objection was unavailing and would not bar a contempt finding. *See supra* at 212. On the other hand, if the district court finds that Allee interposed an objection, based on the Fifth Amendment privilege against self-incrimination, on a question-by-question and document-by-document basis, it must evaluate the validity of such objection on the same particularized basis.[5] We believe that the district court correctly realized that there existed at least the potential for a legitimate application of the Fifth Amendment privilege against self-incrimination in this circumstance, if properly invoked. *See* the transcript of the enforcement hearing, *supra* at 5; *see also, United States v. White,* 322 U.S. 694, 698, 64 S.Ct. 1248, 1251, 88 L.Ed.

1542 (1944) (the constitutional privilege against self-incrimination "is designed to prevent the use of legal process to force from the lips of the accused individual the evidence necessary to convict him or to force him to produce and authenticate any personal documents or effects that might incriminate him"); *United States v. Barth,* 745 F.2d 184, 187 (2d Cir.1984) (pursuant to IRS investigation of failure to file *individual* and corporate federal income tax returns, corporation president's testimony that he did not possess the returns could not constitutionally be compelled) (emphasis added), *cert. denied,* 470 U.S. 1004, 105 S.Ct. 1356, 84 L.Ed.2d 378 (1985); *United States v. Edgerton,* 734 F.2d at 919–22 (taxpayer could not be held in contempt for claiming Fifth Amendment privilege not to answer certain questions posed by the court regarding the existence and whereabouts of certain tax records of taxpayer).

Finally, in view of Allee's own equivocal statements concerning whether he was going to obtain counsel, *see supra* at 209 & 210, we reject his criticism of the district court for failing, *sua sponte,* to offer him court-appointed counsel prior to finding him in contempt and ordering his confinement.

The order holding Allee in contempt is vacated and the case remanded for further proceedings in accordance with this opinion.

[GOVERNMENT COUNSEL]: Your Honor, the revenue officer tells me, and he put it in his affidavit also, that Mr. Allee claimed only his Fourth Amendment rights. The revenue officer is here today in case you want to question him.

MR. ALLEE: I used my Fourth and Fifth Amendment rights. As a matter of fact, I have a tape recorder, which they were aware of, of everything that transpired if you would like to listen to it.

THE COURT: What I am going to do is I am going to find that you violated my order. I am going to hold you in contempt of Court and order that you be confined, imprisoned,

until you unperjure [sic] yourself; in other words, until you comply....
(Tr. of hearing on 10/17/88 at pp. 3–4.)

**5.** We also conclude it within the district court's discretion, should it decide that Allee, in good faith, failed to comprehend, at the June 15, 1988 appearance, that he was required to invoke his Fifth Amendment privilege on a question-by-question and document-by-document basis, to enter a new order requiring Allee to appear at a future date before the appropriate IRS agent in order to comply with the enforcement order, in lieu of finding Allee in contempt of the April 29, 1988 court order.