**INTERREX, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 3:92–CV–254–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Jan. 12, 1994.

Waldon Michael Hingle, Michael Hingle & Associates, Inc., New Orleans, LA, for plaintiff.

Mark E. Seamster, Seale, Macaluso, Daigle & Ross, Hammond, LA, for defendant.

### ORDER

ROBERT D. POTTER, District Judge.

This Matter is before the Court on motion of Defendant United States of America, ("Government"), filed November 17, 1993, for leave to file an amended answer and counterclaim. Plaintiff Interrex, Inc. ("Interrex") filed a response in opposition on December 2, 1993. The Government filed a reply on December 16, 1993.[1]

1. The motion presently before this Court represents the defendant's second attempt to assert a counterclaim. On October 25, 1993, defendant filed its first motion for leave to file amended answer and counterclaim. Without ruling on the merits, the Court denied that motion on October 27, 1993, because it did not comply with the pretrial order.

## BACKGROUND

This action arises out of an Internal Revenue Service ("IRS") employment tax audit of Interrex for the tax years 1986, 1987, and 1988. As a result of the audit, the IRS notified Interrex on August 1, 1990, that it owed employment taxes and penalties assessed in the amount of $300,828.88. On August 7, 1990 Interrex appealed the assessment. This appeal was subsequently denied by the IRS. On July 15, 1991, the IRS reassessed the amount of tax and penalty in the amount of $368,673.24. On August 29, 1992, Interrex made a partial payment on the taxes allegedly owed in the amount of $2,360.38 and simultaneously filed for a refund of such payment.

Interrex filed this refund action on July 7, 1992. The Government filed its original answer on September 10, 1992. Plaintiff alleges that pretrial discovery was completed on or about December 31, 1992. On October 25, 1993, approximately one week before the case was subject to be called for trial in early November, and after both sides had filed their trial briefs, the Government filed its first motion for leave to file an amended answer and counterclaim.[2]

## DISCUSSION

█ The government has placed before the court a muddled and spurious argument in support of its motion for leave to file an amended answer and counterclaim. Essentially, the Government's counterclaim seeks to reduce to judgment the balance of the assessment made against Interrex. In support of its motion, the Government offers little justification for the delay in filing its counterclaim, despite the fact that they have been aware of the assessment which is the subject of their claim since at least July, 1991.

Motions to amend pleadings by asserting omitted counterclaims are governed by Rule 13(f) of the Federal Rules of Civil Procedure. The Court finds that the standards established under that rule are applicable to this case. Specifically, Rule 13(f) provides:

When a pleader fails to set up a counterclaim through oversight, inadvertence or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment.

Although this provision is generally applied liberally, the Court notes that the instant motion was made one year after the filing of the original answer and just one week before the case was subject to be called for trial. Furthermore, the Government has failed to provide any reasonable explanation for this delay.

The Government's only justification for the delay in coming forward with its counterclaim is that it lacked authorization from the IRS to assert the counterclaim at the time the Answer was originally filed. The Court finds that the Government's argument that their delay was justified or excused by the statutory requirement to obtain IRS authorization prior to filing a claim is totally without merit. The Court has been informed that the Government requested authorization from the IRS on or about October 27, 1992, and received such authorization approximately three weeks later on November 17, 1992. The Government makes no further attempt to explain the ensuing delay of nearly eleven (11) months to bring this issue forward. In any event, a lack of authorization from the IRS was clearly not the reason for the delay. Whatever the reason, the Government cannot now escape the consequences of its failure to timely file its counterclaim.

█ Furthermore, without expressly stating that their counterclaim is compulsory, the Government suggests that there is a logical relationship between the claim and the counterclaim, and that the issues of law and fact raised by each are essentially the same. The Court recognizes that where an omitted counterclaim is compulsory, mere passage of time between filing of the original answer and the attempted amendment to assert a counterclaim is not a sufficient reason for denial of a motion for leave to amend. *See Spartan Grain & Mill Co. v. Ayers,* 517

---

**2.** This case was unable to be tried during the November Civil Term. After the conclusion of the November session the Government filed this second motion for leave to file an amended answer and counterclaim.

F.2d 214 (5th Cir.1975). However, the law is well settled that a collection action need not be asserted as a compulsory counterclaim in a refund suit like this one. *See Caleshu v. United States*, 570 F.2d 711, 713–14 (8th Cir.1978), *citing Flora v. United States*, 362 U.S. 145, 166, 80 S.Ct. 630, 641, 4 L.Ed.2d 623 (1960), *aff'g on rehearing*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958).

■ The Court believes that the Government's action to reduce Interrex's unpaid tax assessment to judgment need not be treated as a compulsory counterclaim to Interrex's suit for a refund of alleged overpayments in taxes because the nature and purpose of the statutes authorizing government tax collection suits demonstrate Congress' intent that such suits were not required to be compulsory counterclaims. Specifically, Congress has provided that the Government has up to six years *after assessment* in which to bring a collection action. *See* 26 U.S.C. § 6502. This authorization is valid despite the fact that the subject matter in the refund action would be a compulsory counterclaim within Rule 13(a). Accordingly, justice does not require this Court to grant leave for the Government to set up its omitted counterclaims absent a showing of excusable neglect, inadvertence or oversight. The Defendant has failed to make such a showing.

The Plaintiff correctly notes that the defendant had more than adequate time in which to assert its counterclaim. The plaintiff argues that the defendant's motion should be refused because of undue delay. This Court agrees. The Court finds that the government has unduly and unnecessarily delayed the filing of its motion. Furthermore, although it is disputed by the parties, the Court believes that addition of the counterclaim will likely entail additional discovery which might further delay a trial in this matter. Accordingly, it is far too late for the Defendant to change its motion without further burdening the plaintiff and further delaying the resolution of this case. Therefore, this Court concludes that equity and justice will not be served by permitting the United States to file an amended answer and counterclaim.

**NOW, THEREFORE, IT IS ORDERED** that Defendant's motion for leave to file an amended answer and counterclaim be, and hereby is, **DENIED.**