# United States Court of Appeals
## For the First Circuit

No. 00-2054

UNITED STATES,

Appellee,

v.

AARON JOHN DAVIS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, U.S. District Judge]

Before

Selya, Boudin and Lynch,
Circuit Judges.

Michael A. Tucker on brief for appellant.
Margaret E. Curran, United States Attorney, and Donald C. Lockhart, Assistant United States Attorney, on Motion for Summary Dismissal for appellee.

March 12, 2001

**Per Curiam**. Defendant Aaron John Davis, who is presently serving an eight-month prison sentence, to be followed by twenty-eight months of supervised release, seeks to appeal from the following special condition of his supervised release:

> The defendant is to cooperate with the Probation Officer in all investigations and interviews during his period of supervised release.

Davis argues that the circumstances surrounding the imposition of the special condition -- including the district court's specific warning that if Davis failed to answer truthfully questions about his use of aliases and falsification of identification documents, his supervised release would be revoked -- amounted to a violation of his Fifth Amendment privilege against self-incrimination.

The government has filed a motion for summary dismissal on the ground that the issue raised on appeal is not ripe for review. Davis responds that he is challenging the special condition itself, not its application or enforcement. The judgment imposing sentence, of which the challenged special condition is a part, is a final judgment. "That an issue may arise concerning a party's subsequent compliance with an order does not negate the . . . order's finality." United States v. Allee, 888 F.2d 208, 212 (1st Cir. 1989).

Davis's term of supervised release will commence in less than two months. He will then be subject to the challenged condition imposed by the district court. Under these circumstances, the challenge is not hypothetical. Compare United States v. Schoenborn, 4 F.3d 1424, 1434 (7th Cir. 1993) (dismissing appeal for lack of

2

ripeness where defendant sought to challenge the effect that a possible revocation of his supervised release would have on the length of his sentence). Davis faces a sufficiently "direct and immediate dilemma," Stern v. U.S. District Court for District of Massachusetts, 214 F.3d 4, 10 (1st Cir. 2000), cert. denied, __ S.Ct. __, 2001 WL 137645 (Feb. 20, 2001), as he reasonably seeks to determine whether exercising his Fifth Amendment privilege in response to questions by his probation officer will result in revocation of his supervised release. See Pustell v. Lynn Public Schools, 18 F.3d 50, 52 (1st Cir. 1994) (finding that controversy was ripe where plaintiffs faced "possible sanctions" regardless of the imminence of an enforcement action). As limited by Davis, his challenge to the district court's imposition of the special condition is ripe for review.[1]

The Fifth Amendment privilege against compelled self-incrimination applies in the context of interviews with probation officers. See Minnesota v. Murphy, 465 U.S. 420, 426 (1984). However, "the general obligation to appear and answer questions truthfully" does not amount to compulsion. Id. at 427. The answers are "compelled" only if "the witness is required to answer over his valid claim of the privilege." Id. Here, the questioning has not yet happened. "Compulsion therefore turns on what the government would do in such a case, rather than on what in fact it has done." Nat'l Fed'n of Fed. Employees v. Greenberg, 983 F.2d 286, 392 (D.C.

---

[1] The government's unsupported statement that the probation department will not question Davis about his use of aliases and counterfeited documents does not defeat ripeness.

3

Cir. 1993).

The Supreme Court's "decisions have made clear that the State could not constitutionally carry out a threat to revoke probation for the legitimate exercise of the Fifth Amendment privilege." Murphy, 465 U.S. at 438. Although the district court's comments at sentencing might possibly be interpreted to contain such a threat, that is not their only reasonable interpretation. The sentencing court stated that the information was sought "so [Davis] can be properly supervised." The district court so stated in the context of discussing an antecedent Magistrate Judge's report and recommendation expressing concern that Davis might have been planning to use false identification documents to relocate in another state and escape supervision by the Probation Department. Therefore, questions about Davis's use of aliases and false identification documents have obvious relevance to Davis's probationary status, particularly in light of the standard conditions that he not leave the judicial district without the probation officer's permission and that he notify the probation officer ten days prior to any change of residence. And not all such information necessarily would be incriminating.

As the Murphy Court observed, "we are hesitant to read into the truthfulness requirement an additional obligation that [a probationer] refrain from raising legitimate objections to furnishing information that might lead to his conviction for another crime." 465 U.S. at 437. Should the court revoke Davis's supervised release as a penalty for his legitimate exercise of his

4

Fifth Amendment privilege, he remains free to challenge that action at the time it occurs. That eventuality, however, has not yet occurred (and may never occur). For now, we must focus on the challenged special condition itself. We do not find that condition, even as explained by the district court, to carry a realistic threat of such a penalty. So construed, Davis's sentence, including the special condition requiring cooperation with his probation officer, is valid. We therefore grant the government's motion for summary disposition and affirm the sentence. See 1st Cir. R. 27(c).