Filed 10/20/15  P. v. Martinez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062346 |
| v. | (Super.Ct.No. FSB1404403) |
| MARCELINO MARTINEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Annemarie G. Pace, Judge.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Christen Somerville, Deputy Attorneys General, for Plaintiff and Respondent.

1

Appellant and defendant Marcelino Martinez pled guilty to arranging to meet with a minor for lewd purposes (Pen. Code, § 288.4, subd. (b), count 1)[1] and possession or control of child pornography (§ 311.11, subd. (a), count 3).[2] In accordance with the plea agreement, the trial court placed defendant on probation for a period of five years, under specified probation conditions. On appeal, defendant contends that: (1) the conditions requiring him to submit to a field interrogation by a peace officer and to submit to polygraph testing infringe on his constitutional right against self-incrimination; (2) four of his conditions are unconstitutionally vague and must be modified to include an express knowledge requirement; and (3) the court impermissibly required him to pay certain costs as a condition of his probation. The People concede, and we agree, that the probation order should be modified to clarify that the payment of probation costs is not a condition of probation, but a separate order. We also agree with defendant that certain probation conditions should be modified. Otherwise, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND[3]

On or about September 15, 2014, a father discovered that his 14-year-old daughter (the victim) was exchanging sexually explicit messages on Facebook with defendant, whom the victim knew as "Jay." Defendant had about 500 friends on Facebook, who

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] Defendant was charged by felony complaint with two other offenses in counts 2 and 4, but those counts were dismissed.

[3] The factual background is taken from the probation report, since defendant pled guilty pursuant to a plea agreement.

were all young females.  The victim's father (father) sent defendant a message on Facebook and told him not to contact his daughter.  Father then contacted the police.

The police began investigating.  The victim said she became friends with defendant on Facebook and had been exchanging sexually explicit messages with him for approximately two months.  Defendant told the victim he was 20 years old, and she told him she was 14.  The victim said defendant had been trying to get her to meet with him, and they discussed having sex.  Defendant repeatedly told her to lie to her parents and meet with him.  The victim provided the police detective with her Facebook account name and password so that the police could review defendant's past messages and continue to chat with him.  Posing as the victim, the detective asked defendant questions about himself, but he declined to answer.  Defendant said she would find out the answers when they met.  Defendant kept trying to get the detective to meet with him immediately.  They discussed meeting at a park, and defendant told her to wear a skirt and a thong.

Defendant and the detective (still posing as the victim) continued to text each other the following morning, and the detective said she was getting ready to meet him.  Defendant said they would "be doing it in [his] car," and told the detective she could call him "Daddy."  Defendant later texted the detective, said he was at the location, and told her to walk to the gray car.  The female detective, who was acting as a juvenile decoy, began walking toward the playground where defendant directed her to go.  Defendant pulled out of the parking lot and drove toward her.  Officers pulled up in front of his car and arrested him.  Incident to his arrest, the officers searched defendant's car and found a box of condoms and his cell phone, which was opened to the Facebook chats between

him and the detective. After being read his *Miranda*[4] rights, defendant admitted that he was at the park to meet an underage girl whom he had never met before. He admitted that he had initiated sexual discussions with her, and that they had talked about lying, sneaking out, going to the park, and having sex. Defendant admitted that he was addicted to pornography and that he had received pictures of naked minors on his cell phone. The police later obtained a warrant and searched defendant's home. They discovered another cell phone that had child pornography on it.

A felony complaint was filed, alleging that defendant committed the following crimes: arranging to meet with a minor for lewd purposes (§ 288.4, subd. (b), count 1), attempted lewd act upon a child (§§ 664, 288, subd. (a), count 2), possession of child pornography (§ 311.11, subd. (a), count 3), and contact with a minor for a sexual offense (§ 288.3, subd. (a), count 4). Pursuant to a plea bargain, defendant pled guilty to counts 1 and 3. In exchange, the prosecution dismissed the remaining counts. Pursuant to the plea agreement, the court placed defendant on felony probation for five years, under certain conditions.

---

[4] *Miranda v. Arizona* (1966) 384 U.S. 436.

ANALYSIS

I.

<u>The Conditions Requiring Defendant to Submit to Field Interrogations and</u>

<u>Polygraph Testing Do Not Infringe on His Fifth Amendment Rights</u>

Defendant contends that the probation conditions that require him to "[s]ubmit to and cooperate in a field investigation by any peace officer at any time of the day or night" (No. 15), and to submit to random polygraph testing (No. 23), are unconstitutional because they impermissibly infringe on his Fifth Amendment rights.[5] He claims that he could be found in violation of his probation if "during such an investigation or polygraph testing he invoked his Fifth Amendment right to remain silent." We disagree.

At the outset, we note that the minute order lists condition No. 15 as: "Submit to and cooperate in a field *investigation* by any peace officer at any time of the day or night." (Italics added.) However, the probation report states that the condition requires defendant to: "Submit to, and cooperate in, a field *interrogation* by any peace officer . . . ." (Italics added.) We understand this condition to read "field interrogation," rather than "field investigation," since that is the standard language used in the probation report. Moreover, such understanding is reasonable in the context of defendant's claim that condition No. 15 is "fatally deficient" because it infringes upon his right to invoke his constitutional right to remain silent.

---

[5] We note that the probation conditions are numbered differently in the probation report and the minute order. In this opinion, we will refer to the conditions as numbered in the minute order.

Pursuant to section 1203.1, "the sentencing court has broad discretion to prescribe reasonable probation conditions to foster rehabilitation and to protect the public so justice may be done. [Citations.]" (*People v. Miller* (1989) 208 Cal.App.3d 1311, 1314.) Furthermore, "[a] condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]" (*People v. Lent* (1975) 15 Cal.3d 481, 486.) A probation condition is valid under the Fifth Amendment unless there is a reasonable basis for concluding an impermissible penalty has been attached to the exercise of the privilege. (*Minnesota v. Murphy* (1984) 465 U.S. 420, 436-437.) *Minnesota v. Murphy* sets forth the rule that the Fifth Amendment privilege is not lost when a person is granted probation. Specifically, a state cannot "constitutionally carry out a threat to revoke probation for the legitimate exercise of the Fifth Amendment privilege." (*Id.* at p. 438.)

In light of this well-settled rule, there is no reasonable basis for concluding that the field interrogation probation condition places an impermissible penalty on defendant's Fifth Amendment privilege. The condition does not compel him to make incriminating disclosures. The condition merely requires him to "[s]ubmit to and cooperate in a field interrogation by any peace officer." While probationers have long been required to "cooperate" with their probation officers, a probationer is not foreclosed from asserting his Fifth Amendment privilege, and it would not be inherently uncooperative for him to assert that privilege. (See *United States v. Davis* (1st Cir. 2001) 242 F.3d 49, 50-52

6

[finding no realistic threat of having the defendant's probation revoked for exercising his Fifth Amendment privilege in a requirement to "cooperate with the Probation Officer in all investigations and interviews"].)  Thus, although defendant must cooperate with the police, he retains the right to assert the Fifth Amendment, and his probation cannot be revoked based on a valid exercise of that right.  (*Minnesota v. Murphy*, *supra*, 465 U.S. at p. 434.)

Similarly, we reject defendant's contention that imposing polygraph testing as a condition of probation violates his rights and privileges under the Fifth Amendment.  The fact that defendant "has a duty to answer the polygraph examiner's question truthfully does not mean his answers are compelled within the meaning of the Fifth Amendment.  [Citations.]  [He] has misconstrued the nature of the privilege against self-incrimination; it is not self-executing; rather, it must be claimed.  [Citations.]  Thus, unless [defendant] specially invokes the privilege, shows he faces a realistic threat of self-incrimination and nevertheless is made to answer the question or questions, no violation of his privilege against self-incrimination is suffered.  [Citations.]"  (*Brown v. Superior Court* (2002) 101 Cal.App.4th 313, 320 (*Brown*).)

Accordingly, we conclude that defendant's Fifth Amendment privilege has not been infringed upon by the field interrogation probation condition (No. 15) or the polygraph testing condition (No. 23).

## II.

### The Condition Regarding Possession of Weapons or Explosive

### Devices Should Be Modified

Condition No. 9 states that defendant should "[n]either possess nor have under [his] control any dangerous or deadly weapons or explosive devices or materials to make explosive devices." Defendant argues that this condition is unconstitutionally vague, since he has no way of knowing what components of an explosive device it could be referring to. We agree that the condition should be modified.

A. *Standard of Review*

Whether a probation condition is unconstitutionally vague is a question of law reviewed de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

B. *The Condition Should Be Modified*

Defendant asserts that many common tools and items, such as hammers, screwdrivers, pliers, batteries, timers, and clocks can be used to make an explosive device. Thus, he contends that condition No. 9 is unconstitutionally vague because there is no clear definition of what the term "materials" includes. The People argue that a scienter requirement is implied in every probation condition, and that "[s]ince there is an implied intent element, it is evident that the definition of 'materials' is materials which [defendant] *intends* to use to make an explosive device." However, a scienter requirement in a probation condition refers to requiring that a probationer knowingly undertake the actions proscribed in the condition. (See *People v. Patel* (2011) 196 Cal.App.4th 956, 960 (*Patel*).) In this case, defendant could knowingly, but innocently,

8

possess common items that could be used to construct explosive devices.  Therefore, for the sake of clarity, the condition should be modified to read:  "Neither knowingly possess, nor knowingly have under your control, any dangerous or deadly weapons or explosive devices or materials to make explosive devices, the latter with the intent of making explosive devices."

## III.

### Condition Nos. 13, 19, and 20 Should Be Modified

### to Include a Knowledge Requirement

Defendant contends that three of his probation conditions, as currently worded, are unconstitutionally vague.  He complains that condition Nos. 13, 19, and 20 have no knowledge requirement and, thus, must be modified.  We agree.

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.'  [Citation.]  The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders.'  [Citation.]"  (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K*).)  "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness.  [Citation.]  A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad.  [Citation.]"  (*Ibid*.)

9

Condition No. 13 provides that defendant "[n]ot associate with females under the age of eighteen (18), unless in the presence of a responsible adult." Defendant contends that this condition should be modified to include a knowledge requirement. (*People v. Turner* (2007) 155 Cal.App.4th 1432, 1436 (*Turner*) ["A person may reasonably not know whether he or she is associating with someone under the age of 18."])

Condition No. 19 provides that defendant "[n]ot have any contact with the victim nor be within 100 yards of the victim's residence, place of employment or school." Defendant similarly argues that a knowledge requirement should be included in this condition, so that he would not inadvertently find himself within 100 yards of the victim's location.

Condition No. 20 mandates that defendant "[n]ot have or access any social media or Internet except for legitimate school work." He contends that this condition should be modified, since "without an express knowledge requirement, defendant could unwittingly violate the condition as there are situations in which he may not know he has access to or has accessed the Internet." (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1350 (*Pirali*).)

The People suggest we adopt the Third Appellate District's approach in *Patel*, *supra*, 196 Cal.App.4th 956. In that case, the court considered a probation condition forbidding the defendant from drinking or possessing alcohol, or being in a place where alcohol is the chief item of sale, invalid because the condition lacked an express knowledge requirement. (*Id*. at p. 959.) The *Patel* court expressed its frustration with the "dismaying regularity" with which it had to revisit the issue of a lack of an express

scienter requirement in orders of probation. (*Id*. at p. 960.) The court noted that since there existed a substantial uncontradicted body of case law establishing that a "probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter," it would no longer entertain the issue on appeal. (*Ibid*.) The court stated that going forward, it would construe every such probation condition proscribing restrictions on presence, possession, association, or other actions, to require that the action be undertaken knowingly. (*Ibid*.) Thus, it would no longer be necessary to seek a modification of a probation order that failed to include a scienter requirement. (*Id*. at pp. 960-961.)

We note that a number of the Courts of Appeal have declined to follow the rationale of *Patel*, including the Fourth Appellate District, Division Three, in *People v. Moses* (2011) 199 Cal.App.4th 374, 381, where the court chose to modify the probation conditions to include a knowledge requirement. We too decline to follow the Third Appellate District's approach in *Patel*. As noted in *Pirali*, *supra*, 217 Cal.App.4th 1341, "[o]ur Supreme Court faced the issue of the lack of a knowledge requirement in a probation condition and concluded that 'modification to impose an explicit knowledge requirement is necessary to render the condition constitutional.' [Citation.] Until our Supreme Court rules differently, we will follow its lead on this point." (*Id*. at p. 1351; see *Sheena K.*, *supra*, 40 Cal.4th at p. 892.)

Therefore, condition No. 13 should be modified to read: "Not knowingly associate with females under the age of eighteen (18), unless in the presence of a responsible adult." (See *Turner*, *supra*, 155 Cal.App.4th at p. 1436.) Condition No. 19

should be modified to read: "Not have any contact with the victim nor knowingly be within 100 yards of the victim's residence, place of employment or school." Condition No. 20 should be modified to read: "Not have or knowingly access any social media or Internet except for legitimate school work." (See *Pirali*, *supra*, 217 Cal.App.4th at pp. 1350-1351.)

IV.

### The Conditions Ordering Defendant to Pay Certain Costs Should Be Modified

Defendant argues, and the People concede, that a trial court may not make the payment of costs associated with probation a condition of probation. We agree.

"[A] trial court may order a defendant to pay for reasonable costs of probation; however, such costs are collateral and their payment cannot be made a condition of probation." (*Brown*, *supra*, 101 Cal.App.4th at p. 321.) Instead, the court must "issue a separate order for the payment of such costs." (*Id.* at p. 322.) "Moreover, before ordering a defendant to pay costs of probation, the court must make an inquiry and determination of the defendant's ability to pay and the amount of payment." (*Ibid.*; see § 1203.1b, subd. (a).)

Here, condition No. 11 requires defendant to participate in a counseling program, and "be responsible for payment of all program fee(s)." Condition No. 22 requires him to complete a sex offender treatment program "and be responsible for all payment fees." Condition No. 23 requires defendant to submit to random polygraph testing and "be responsible for all costs associated with examinations." The requirement that defendant pay for the counseling program is an integral part of condition No. 11. Similarly, the

12

requirements that defendant pay the sex offender program fees and the polygraph testing costs are also integral parts of condition Nos. 22 and 23, respectively. As such, payment of the costs and fees is not collateral, but a condition of probation. (See *Brown*, *supra*, 101 Cal.App.4th at p. 321.) The court must make an inquiry and determination regarding defendant's ability to pay, and issue a separate order for the payment of such costs and fees. (*Id*. at p. 322.)

Accordingly, condition Nos. 11, 22, and 23 should be modified to delete the portion of each condition requiring defendant to be responsible for paying costs and/or fees.

DISPOSITION

The probation conditions should be modified as follows:

Condition No. 9 should read: "Neither knowingly possess, nor knowingly have under your control, any dangerous or deadly weapons or explosive devices or materials to make explosive devices, the latter with the intent of making explosive devices."

Condition No. 13 should be modified to read: "Not knowingly associate with females under the age of eighteen (18), unless in the presence of a responsible adult."

Condition No. 19 should be modified to read: "Not have any contact with the victim nor knowingly be within 100 yards of the victim's residence, place of employment or school."

Condition No. 20 should be modified to read: "Not have or knowingly access any social media or Internet except for legitimate school work."

Additionally, condition Nos. 11, 22, and 23 should be modified to delete the portion of each condition requiring defendant to be responsible for the payment of the costs/fees of any programs or testing. The court is directed to issue a separate order for the payment of such costs and fees. Before the court may order defendant to pay any or all costs associated with his probation, it must make an inquiry and determination as to his ability to pay and determine the amount of payment. (§ 1203.1b, subd. (a).)

In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

McKINSTER
J.

KING
J.

14