Filed 3/2/16  P. v. Ferrell CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHN SCOTT FERRELL,<br><br>Defendant and Appellant. | E063669<br><br>(Super.Ct.No. FVI1501010)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Affirmed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

Pursuant to a plea agreement, defendant and appellant John Scott Ferrell pled no contest to unlawfully taking or driving a vehicle.  (Veh. Code, § 10851, subd. (a).)  In

1

return, defendant was granted three years of formal probation on various terms and conditions. On appeal, defendant contends the probation condition requiring him to submit to and cooperate in field interrogations infringes upon his Fifth Amendment right against self-incrimination and is unconstitutionally overbroad. We reject this contention and affirm the judgment.

PROCEDURAL BACKGROUND

On April 27, 2015, defendant was charged by felony complaint with unlawfully driving or taking a vehicle. (Veh. Code, § 10851, subd. (a).)

On May 7, 2015, defendant entered a plea agreement and pled no contest to the charge. The parties stipulated that the police report contained a factual basis for the plea. In accordance with the plea agreement, the court placed defendant on probation for a period of 36 months, on specified terms and conditions. Over defense counsel's objection, the court included a condition that defendant submit to and cooperate in a field interrogation by any peace officer at any time of the day or night (the field interrogation condition).

On May 11, 2015, defendant filed a notice of appeal and requested a certificate of probable cause on the basis that the judge added an unconstitutional field interrogation term over defense objection. The court granted the request for a certificate of probable cause. Defendant subsequently filed an amended notice of appeal, based on the sentence or other matters occurring after the plea and challenging the validity of the plea, as well as the field interrogation condition.

2

ANALYSIS

The Field Interrogation Condition is Valid

Defendant's sole contention is that the field interrogation condition violates his constitutional right against self-incrimination and is vague and overbroad. We disagree.

At the outset, we note that the court orally stated that it was imposing the condition that required defendant to: "Submit to and cooperate in a field *investigation* by any peace officer . . . ." (Italics added.) However, we understand this condition to read "field interrogation," rather than "field investigation." Defense counsel responded to the court's imposition of the condition by stating his objection "under the field interrogation term." Thus, it appears that either the court meant to say "interrogation," or the reporter's transcript reflects a simple error in transcription, since defense counsel evidently heard the court say "interrogation." Moreover, such understanding is reasonable in the context of defendant's claim on appeal that the condition violates his Fifth Amendment privilege against self-incrimination.

Pursuant to Penal Code section 1203.1, "the sentencing court has broad discretion to prescribe reasonable probation conditions to foster rehabilitation and to protect the public so justice may be done." (*People v. Miller* (1989) 208 Cal.App.3d 1311, 1314.) While a probationer retains rights of privacy and liberty under the federal Constitution (*People v. Keller* (1978) 76 Cal.App.3d 827, 832, overruled on other grounds in *People v. Welch* (1993) 5 Cal.4th 228, 237), probation conditions may nevertheless place limits on constitutional rights if necessary to meet the goals of probation. (*People v. Bauer* (1989) 211 Cal.App.3d 937, 940-941.) Furthermore, "[a] condition of probation will not be held

3

invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. . . .' [Citation.]" (*People v. Lent* (1975) 15 Cal.3d 481, 486, fn. omitted (*Lent*).)

Like the standard probation search condition, a field interrogation probation condition is a correctional tool that can be used to determine whether the defendant is complying with the terms of his probation or disobeying the law. (See *People v. Reyes* (1998) 19 Cal.4th 743, 752 (*Reyes*) [the purpose of an unexpected search is to determine not only whether parolee disobeys the law, but also whether he obeys the law; the condition helps measure the effectiveness of parole supervision]; *In re Anthony S.* (1992) 4 Cal.App.4th 1000, 1006 [probation is an alternative form of punishment, and with the benefit of probation comes the burden of a search term, which can be used as a correctional tool].) The threat of an unexpected interrogation is fully consistent with the deterrent purposes of the field interrogation condition. (*Reyes*, at p. 752.)

Here, defendant's field interrogation probation condition will provide practical, on-the-street supervision of him. A field interrogation will be useful to monitor defendant's compliance with his other probation conditions. Also, information obtained from field interrogations will provide a valuable measure of his amenability to rehabilitation, which is related to his future criminality. In other words, the condition provides officers with a means of assessing defendant's progress toward rehabilitation, it assists them in enforcing other terms of his probation, and it deters further criminal activity. Thus, the field interrogation probation condition serves the purposes of

4

probation and is valid under the *Lent* criteria.  (*Lent*, *supra*, 15 Cal.3d at p. 486.)

Defendant claims that the field interrogation probation condition infringes upon his Fifth Amendment right against self-incrimination because it "forecloses [him] from asserting his Fifth Amendment privilege."  In other words, he is claiming that he cannot refuse to answer a question by a peace officer, even if he believes his answer will be incriminating.  This claim is speculative and unsupported.  Contrary to defendant's claim, the condition does not compel him to make incriminating disclosures, and it contains no language threatening to revoke his probation if he asserts the privilege against self-incrimination.  The condition merely requires him to "[s]ubmit to and cooperate in a field interrogation by any peace officer."  Moreover, while probationers have long been required to "cooperate" with their probation officers, a probationer is not foreclosed from asserting his Fifth Amendment privilege, and it would not be inherently uncooperative for him to assert that privilege.  (See *United States v. Davis* (1st Cir. 2001) 242 F.3d 49, 52 [finding no realistic threat of having the defendant's probation revoked in a requirement to "cooperate" with the probation officer].)  Thus, although defendant must cooperate with the police and not walk away, he retains the right to assert the Fifth Amendment, and his probation cannot be revoked based on a valid exercise of that right. (*Minnesota v. Murphy* (1984) 465 U.S. 420, 434 (*Murphy*).)  In any case, if a state does attach "[t]he threat of punishment for reliance on the privilege" against self-incrimination by asserting either "expressly or by implication . . . that invocation of the privilege would lead to revocation of probation . . . the probationer's answers would be deemed compelled and inadmissible in a criminal prosecution."  (*Id.* at p. 435, fn. omitted.)

5

Defendant further argues that the field interrogation condition is vague and overbroad. We disagree. He first asserts that, "absent express clarification that he is free to invoke his Fifth Amendment privilege and refuse to respond," the condition is unconstitutionally vague. However, as the Supreme Court reiterated in *Murphy*, *supra*, 465 U.S. at p. 430, the "extraordinary safeguard" of an express warning about the right to be silent is not required " 'outside the context' " of " 'inherently coercive custodial interrogations.' " Under *Miranda v. Arizona* (1966) 384 U.S. 436, 478-479, defendant is protected should any custodial interrogation follow a field interrogation. Thus, unless the facts of particular circumstances establish a probationer is " 'in custody' for purposes of receiving *Miranda* protection," an express warning about the right to remain silent is unnecessary. (*Murphy*, at p. 430.)

Moreover, contrary to defendant's claim, the condition is not overbroad. He claims that the condition "infers [*sic*] that [he] must answer any questions by law enforcement, including questions unrelated to his conduct." Law enforcement officers may not ask harassing questions that have no relation to the crime for which defendant is under supervision. If the officer inquires into improper matters or otherwise acts improperly, defendant may present evidence at the probation violation hearing to show that the interrogation or conduct was arbitrary, capricious, harassing, or otherwise not reasonably related to the purposes for which he is on probation. (See *In re Tyrell J.* (1994) 8 Cal.4th 68, 87, fn. 5, overruled on other grounds in *In re Jamie P.* (2006) 40 Cal.4th 128, 130.) In any event, we conclude that the field interrogation probation cannot

be reasonably interpreted to require defendant to waive his right against self-incrimination or to cooperate in unreasonable interrogations.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST<br>Acting P. J.

We concur:

MILLER
          J.

CODRINGTON
          J.