[No. C066321. Third Dist. June 21, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
JAVID PATEL, Defendant and Appellant.

**COUNSEL**

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**OPINION**

**RAYE, P. J.**—In exchange for a grant of probation, defendant Javid Patel entered negotiated pleas of no contest to alternative felony counts of "generic" and "per se"[1] negligent driving under the influence of alcohol (DUI) that resulted in bodily injury to another, and a misdemeanor count of driving

[1] We employ the shorthand terminology used in *People v. McNeal* (2009) 46 Cal.4th 1183, 1187 [96 Cal.Rptr.3d 261, 210 P.3d 420].

while his license was suspended for a previous DUI. He also admitted allegations of a prior DUI conviction, personal infliction of great bodily injury, multiple victims, and driving with a blood-alcohol level in excess of 0.15 percent. Defendant had one day of actual custody.[2]

Defendant's ensuing appeal is subject to the principles of *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071] (*Wende*) and *People v. Kelly* (2006) 40 Cal.4th 106, 110 [51 Cal.Rptr.3d 98, 146 P.3d 547]. In accordance with the latter, we will provide a summary of the offense and the proceedings in the trial court.

## I

The parties stipulated to the prosecutor's recitation of the factual basis for the plea. In March 2010 defendant was driving with a blood-alcohol level of 0.22 percent. He had three passengers in his car. Running a red light, he collided with another car. The other driver's leg was broken in three places. One of defendant's passengers suffered a fracture to his C-2 vertebra, and another suffered a fractured hip. At the time of the accident, defendant's license was suspended for an October 2009 DUI incident.

The trial court granted the prosecutor's motion to amend the original complaint to add allegations of personal infliction of great bodily injury in order to bring the felony offenses within the definitions of "serious" and "violent." (See Pen. Code, §§ 667.5, subd. (c)(8), 1192.7, subd. (c)(8).) Defendant then entered a plea of not guilty.

At defendant's next appearance, he waived his right to a preliminary hearing. The trial court solicited defendant's waiver of his rights to a jury trial and confrontation, and of his privilege against self-incrimination. It determined that defense counsel had discussed with defendant the elements of the offenses and any possible defenses. After explaining the direct consequences (and advising defendant that because of the high degree of danger that drunken driving presented, he could be charged with murder if he killed someone in the future in the course of a DUI), the trial court accepted defendant's plea, finding it to be informed and voluntary.

At sentencing, the court imposed a 16-month term for the generic negligent DUI, with an additional three years for the injury enhancement. Neglecting to

---

[2] Although our March 2010 miscellaneous order No. 2010-002 deems defendant to have raised the issue of the calculation of his presentence conduct credits without further briefing, he was not in actual custody for the prescribed minimum period of four days and therefore did not accrue any. (See Pen. Code, § 4019, former subd. (e), as amended by Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 50 (eff. Jan. 2010); cf. current version of § 4019, as amended by Stats. 2010, ch. 426, §§ 2, 5 (eff. Sept. 2010), with minimum period of six days.)

do so at the time, the trial court later imposed the same term for the per se negligent DUI, staying execution pursuant to Penal Code section 654. It also struck the multiple-victim enhancements at the later hearing. It imposed a concurrent six-month jail term for the misdemeanor. The trial court then found unusual circumstances were present, authorizing the stay of execution of sentence and the grant of probation.

The court imposed a number of special conditions. These included a 364-day jail term, the suspension of defendant's driving privilege for three years, abstention from consuming alcohol, participation in an alcoholism treatment program, and installation of an ignition interlock device in any vehicle that he owns or operates after his release from custody. It imposed a $480 fine for the generic DUI conviction and a $300 fine for the misdemeanor (plus penalty assessments), rather than additional jail time (at defendant's behest); a $200 restitution fine and the parallel probation revocation fine; a $50 assessment for alcohol education and prevention; a security surcharge of $60; and a facility fee of $60. It also awarded restitution in an amount to be determined later.

Defendant filed a timely notice of appeal, indicating only an intent to challenge his punishment as cruel and unusual. He did not request a certificate of probable cause.

## II

We appointed appellate counsel for defendant. Counsel has filed an opening brief setting forth the facts of the case and asking us to review the record to determine whether there were any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Counsel has also advised defendant of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have not received any communication from defendant.

Having undertaken an examination of the entire record, we note an arguable issue in connection with the condition of probation that prohibits him from drinking alcohol, possessing it, or being in any place where it is the chief item of sale. Unlike the condition prohibiting his possession of firearms or ammunition, this condition does not include a qualification that he must commit the proscribed conduct knowingly. We will modify the order to include this qualification.[3] (Cf. *People v. Freitas* (2009) 179 Cal.App.4th 747, 751 [102 Cal.Rptr.3d 51] (*Freitas*).) We otherwise do not find any arguable error that would result in a disposition that is more favorable to defendant.

---

[3] If the People are aggrieved by this minor modification, they may petition for rehearing. (Gov. Code, § 68081.)

■    In the interests of fiscal and judicial economy, we are compelled to address the repetitive nature of this appellate issue. Since at least 1993, appellate courts have issued opinions consistently holding that conditions of probation must include scienter requirements to prevent the conditions from being overbroad. (*In re Victor L.* (2010) 182 Cal.App.4th 902, 912–913 [106 Cal.Rptr.3d 584] (*Victor L.*) [knowingly in presence of weapons or ammunition]; *Freitas, supra,* 179 Cal.App.4th at pp. 751–752 [knowing possession of stolen property or firearms]; *People v. Lopez* (1998) 66 Cal.App.4th 615, 629–630 [78 Cal.Rptr.2d 66] [knowing association with gang members and display of gang indicia]; *People v. Garcia* (1993) 19 Cal.App.4th 97, 102 [23 Cal.Rptr.2d 340] (*Garcia*) [knowing association with drug users and felons]; cf. *In re Sheena K.* (2007) 40 Cal.4th 875, 891–892 [55 Cal.Rptr.3d 716, 153 P.3d 282] [must have advance notice of people whom probation officer deems inappropriate].) However, with dismaying regularity, we still must revisit the issue in orders of probation, either at the request of counsel or on our own initiative. The latter in particular is a drain on the public fisc that could be avoided if the probation departments at fault would take greater care in drafting proposed probation orders.

■    We recognize that *Victor L., supra,* 182 Cal.App.4th at page 913 and *Garcia, supra,* 19 Cal.App.4th at page 102 rejected the People's argument that modification was unnecessary because scienter was a necessary implication, given that probation violations must be willful (*Garcia* merely asserting the "importance" of protecting constitutional rights, and *Victor L.* expressing concern with leaving a probationer otherwise subject to an "arbitrary or mean-spirited" probation officer's abuse). However, there is now a substantial uncontradicted body of case law establishing, as a matter of law, that a probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter. As with contracts generally, this should be considered a part of the conditions of probation " 'just as if [this was] expressly referred to and incorporated.' " (*Progressive West Ins. Co. v. Superior Court* (2005) 135 Cal.App.4th 263, 281 [37 Cal.Rptr.3d 434], quoting *Miracle Auto Center v. Superior Court* (1998) 68 Cal.App.4th 818, 821 [80 Cal.Rptr.2d 587].) We also do not discern how addressing this *specific* issue on a repetitive case-by-case basis is likely to dissuade a probation officer inclined to act in bad faith from finding some *other* basis for harassing an innocent probationer. As a result, we reject the conclusions reached in *Victor L.* and *Garcia,* and now give notice of our intent to henceforth no longer entertain this issue on appeal, whether at the request of counsel or on our own initiative.    ■    We construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly. It will no longer

be necessary to seek a modification of a probation order that fails to expressly include such a scienter requirement.[4]

## DISPOSITION

The ninth full paragraph on page 2 of the December 28, 2010, amended order granting probation is modified to read: "Defendant shall abstain from the consumption of any alcoholic beverage knowingly in any amount whatsoever, and shall not knowingly possess alcohol, nor be in places where he knows alcohol is the chief item of sale." As modified, the order is affirmed. The trial court shall prepare and file an amended order of probation.

Hull, J., and Hoch, J., concurred.

A petition for a rehearing was denied July 19, 2011, and the opinion was modified to read as printed above.

---

[4] Our decision does not prevent appellate counsel from seeking to make explicit what we have now deemed included by operation of law through an application *to the trial court* to make any requested clerical modifications of the probation order, over which the trial court maintains jurisdiction to make any changes in conditions. (Pen. Code, § 1203.1, subd. (j).) This procedure is analogous to that established in *People v. Fares* (1993) 16 Cal.App.4th 954 [20 Cal.Rptr.2d 314] for resolution of issues involving conduct credits, later given legislative endorsement (Pen. Code, § 1237.1), which concluded that it is proper to require an initial resort to the trial court before permitting an appeal if an effective remedy is available there. (*Fares*, at p. 959.)