Filed 2/27/13  P. v. Campos CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE CAMPOS,<br><br>    Defendant and Appellant. | H038502<br>(Monterey County<br>Super. Ct. No. SS111573) |

Jose Campos, also known as Xavier Campos and Jose Xavier Campos, the defendant herein, appeals after pleading guilty to an aggravated assault charge arising out of a gang-influenced altercation with a stranger who happened to be in defendant's vicinity.

Counsel for defendant originally filed a *Wende* appeal, i.e., a brief that, pursuant to *People v. Wende* (1979) 25 Cal.3d 436, stated the case and facts but raised no issues.  We notified defendant of his right to submit written argument on his own behalf.  He did not do so.

After the time to receive any reply from defendant himself had expired, we reviewed the record as required by *People v. Wende*, *supra*, 25 Cal.3d 436, and *People v. Kelly* (2006) 40 Cal.4th 106.  When we undertook this review, we noticed a number of questionable probation conditions and sought supplemental briefing from the parties.

We will modify certain probation conditions and, with those modifications, affirm the judgment.

## PROCEDURAL BACKGROUND AND FACTS

Defendant pleaded guilty to a charge of assault with force likely to produce great bodily injury. (Pen. Code, former § 245, subd. (a)(1); Stats. 2004, ch. 494, § 1, p. 4040.) The trial court suspended imposition of sentence and placed him on three years' formal probation, one condition of which was to serve 90 days in county jail. The court also imposed a number of other probation conditions, which are discussed more fully below.

Because defendant pleaded guilty, we derive the facts from the preliminary examination transcript. About 1:00 a.m. on August 13, 2011, the victim reported that defendant shoved him and threatened to shoot him. The incident occurred after the victim, while driving home, noticed a car full of people parked in the dark across the street from his house. The circumstances caught his attention and he slowed to get a better look at the car and its occupants. The victim then pulled into his driveway. Defendant, who was driving the suspicious car, pulled in behind the victim, emerged, and shoved the victim. Defendant said, according to the testimony of a police officer at the preliminary examination, "What's your problem, homie? You want to get shot up? . . . I'll smoke you. I'm going to get a gun and shoot you right now. Who do you claim? [¶] . . . I claim Norte." The latter was, of course, defendant's identification of himself as a member of the Norteño criminal street gang. The altercation ended at that point, after one of the occupants of defendant's car urged that they leave. When defendant was placed in jail, he told jail authorities that he was a Norteño.

## DISCUSSION

After considering the parties' supplemental briefing, we conclude that the trial court erred in imposing certain probation conditions. We will quote the conditions below and show how we are modifying them.

A reviewing court reviews a trial court's imposition of a probation condition under one of two different standards. The applicable standard depends on the condition's effect on a defendant's civil liberties. A " 'probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad.' " (*People v. Olguin* (2008) 45 Cal.4th 375, 384.) All others are reviewed for abuse of discretion, i.e., "[w]e do not apply such close scrutiny in the absence of a showing that the probation condition infringes upon a constitutional right . . . [and] absent such a showing . . . simply review[ ] such a condition for abuse of discretion, that is, for an indication that the condition is 'arbitrary or capricious' or otherwise exceeds the bounds of reason under the circumstances." (*Ibid.*) The court may "impose conditions to foster rehabilitation and to protect public safety." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) No abuse of discretion is likely to be found unless the following three conditions all are satisfied: the probation condition " ' "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. . . ." [Citation.]' " (*Olguin*, *supra*, at p. 379.)

Whichever of these two categories of review a probation condition falls under, i.e., review of a claim of substantive constitutional problems or a claim of abuse of discretion under state law, due process considerations require (*In re Sheena K.* (2007) 40 Cal.4th 875, 889-892) that probation conditions contain "an express requirement of knowledge" (*id*. at p. 891) lest, as a result of a condition that lacks " 'reasonable specificity' " (*id*. at p. 890, italics deleted), the probationer unwittingly violate a condition and be subjected to " 'arbitrary law enforcement.' " (*Ibid.*)

It is the oral pronouncement of probation conditions that informs a defendant's probation terms (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2; but see *People v.*

3

*Smith* (1983) 33 Cal.3d 596, 599), and on appeal it is the oral pronouncement we must consider (*Farell*, *supra*, at p. 384, fn. 2) for any infirmities.

The conditions, as orally pronounced by the trial court, include these, which we number from one to six for purposes of this opinion:

First probation condition: "Not use or possess alcohol, narcotics, intoxicants, or other controlled substances without the prescription of a physician . . . ."

Second probation condition: "Not possess, receive, or transport any firearm, ammunition, or any deadly or dangerous weapon. Immediately surrender any firearms or ammunition you own or possess to law enforcement."

Third probation condition: "You're not to annoy, molest, attack, strike, threaten, harass, stalk, sexually assault, batter, or disturb the peace of John Doe."

Fourth probation condition: "Have no direct or indirect contact with the victim, including telephone—or contact by telephone, writing, computer, or through another person."

Fifth probation condition: "Stay away at least 100 yards from the victim, the victim's residence, their place of employment, and any vehicle the victim owns or operates."

Sixth probation condition: "You're not to have access to, use, or possess any police scanner device or surveillance equipment on your person, vehicle, place of residence, or personal effects."

Each of the foregoing provisions lacks a knowledge requirement that defendant can reasonably be expected to satisfy through the use of his own faculties. The provisions may also be problematic for other reasons. We will consider each provision in turn.

Regarding the first probation condition, defendant could violate it by wearing a borrowed coat or borrowing a car in which someone has left a controlled substance or by drinking alcoholic punch at a party that someone assured him contained no alcohol. It

4

will be modified to provide: "Not knowingly use or possess alcohol, narcotics, or intoxicants, nor knowingly use or possess prescribable controlled substances without the prescription of a physician . . . ."

Regarding the second probation condition, defendant could violate it by receiving a shipment of ammunition that he never ordered or borrowing a car that has a gun secreted somewhere and, by driving it, transporting the gun. Also, things like chlorine bleach, a baseball bat, or a wrench can become deadly and dangerous weapons when misused, but are not intrinsically deadly and dangerous weapons and are items that defendant could possess, receive, or transport for legitimate purposes.

The problem of how to manage people's involvement with potential weapons that have innocuous uses is not new to the law. Our Supreme Court has explained: "Some few objects, such as dirks and blackjacks, have been held to be deadly weapons as a matter of law; the ordinary use for which they are designed establishes their character as such. [Citation.] Other objects, while not deadly per se, may be used, under certain circumstances, in a manner likely to produce death or great bodily injury. In determining whether an object not inherently deadly or dangerous is used as such, the trier of fact may consider the nature of the object, the manner in which it is used, and all other facts relevant to the issue." (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1029.) Objects that are not ordinarily used as weapons were discussed in *People v. Graham* (1969) 71 Cal.2d 303, disapproved on other grounds according to *Aguilar*, *supra*, at page 1029: " 'The instrumentalities falling into the second class, such as ordinary razors, pocket-knives, hatpins, canes, hammers, hatchets and other sharp or heavy objects, which are not weapons in the strict sense of the word and are not "dangerous or deadly" to others in the ordinary use for which they are designed, may not be said as a matter of law to be "dangerous or deadly weapons." When it appears however, that an instrumentality other than one falling within the first class is capable of being used in a "dangerous or deadly" manner, and it may be fairly inferred from the evidence that its possessor intended on a

particular occasion to use it as a weapon should the circumstances require, we believe that its character as a "dangerous or deadly weapon" may be thus established, at least for the purposes of that occasion.' [Citation.]" (*Graham*, *supra*, 71 Cal.2d at pp. 327-328.)

We are concerned that the condition provides inadequate notice with regard to those objects whose ordinary use is not for the purpose of inflicting injury or death yet are capable of being used to inflict injury or death if so intended. To avoid any constitutional vagueness or overbreadth problem, we will make explicit the prohibition against possessing such objects with wrongful intent. The condition will be modified to provide: "You shall not knowingly possess any object that you know is a dangerous or deadly weapon, any object that you know can be used to cause bodily injury or death when you intend such harm, or any type of ammunition. Immediately surrender any firearms or ammunition that you know you own or possess or that you discover in your possession to your probation officer or other law enforcement authorities."

Regarding the third probation condition, defendant could annoy or disturb the peace of the victim with no awareness of doing so, e.g., by honking his horn in a line of cars one of which, unknown to defendant, is being operated by the victim. We will modify the condition to provide: "You're not to knowingly annoy, molest, attack, strike, threaten, harass, stalk, sexually assault, batter, or disturb the peace of John Doe."

Regarding the fourth probation condition, having no "direct or indirect contact with the victim" is exceedingly broad and lacks a knowledge element. It would have been difficult to comply with before the advent of the Internet and social media, but is even more difficult to comply with now that group communication through social media is commonplace. Even without using social media, defendant could inadvertently violate this condition by walking along a sidewalk and encountering the victim. To provide meaningful notice of prohibited conduct, the condition will be modified to provide: "Do not knowingly engage in direct or indirect contact with the victim, whether in person, in writing, on a computer, or through another person. If a direct contact occurs,

6

immediately remove yourself from the victim's presence. If an indirect contact occurs, immediately disengage from that contact."

Regarding the fifth probation condition, defendant could be found in violation for parking his car within 100 yards of the victim's car in a public place without knowing that the car belongs to the victim or, in the case of a crowded shopping mall parking lot, without seeing the victim's car even if he knows whom it belongs to. The condition will be modified to provide: "Do not knowingly come within 100 yards of the victim, his residence, his vehicles, and his places of employment."

The sixth probation condition lacks a knowledge element and the reference to surveillance equipment is overbroad, because a set of binoculars used for birdwatching is arguably surveillance equipment, even if the bearer means only to watch birds. It will be modified to provide: "You're not to knowingly have access to, use, or possess any police scanner device or any surveillance equipment that you intend to use to monitor the police, whether on your person, in your vehicle, at your place of residence, or among your personal effects."

The People propose that, instead of modifying the probation conditions seriatim, we adopt the approach of the Third District Court of Appeal in *People v. Patel* (2011) 196 Cal.App.4th 956, 960-961. In that case, the court concluded that it will no longer entertain challenges to probation conditions lacking an explicit knowledge requirement and will simply "construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly." (*Id*. at p. 960.)

The Supreme Court faced the issue of the lack of a knowledge requirement in a probation condition and the remedy it mandated was, in our view, unequivocal: "[W]e agree with the Court of Appeal that modification to impose an explicit knowledge requirement is necessary to render the condition constitutional." (*In re Sheena K*., *supra*, 40 Cal.4th at p. 892.) Until the Supreme Court rules differently, we must follow

7

*Sheena K.* on this point. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

With the modifications described above, we will affirm the judgment.

DISPOSITION

Certain probation conditions are hereby modified.

The probation condition in which the trial court stated, "Not use or possess alcohol, narcotics, intoxicants, or other controlled substances without the prescription of a physician" is modified to provide, "Not knowingly use or possess alcohol, narcotics, or intoxicants, nor knowingly use or possess prescribable controlled substances without the prescription of a physician."

The probation condition in which the trial court stated, "Not possess, receive, or transport any firearm, ammunition, or any deadly or dangerous weapon. Immediately surrender any firearms or ammunition you own or possess to law enforcement" is modified to provide, "You shall not knowingly possess any object that you know is a dangerous or deadly weapon, any object that you know can be used to cause bodily injury or death when you intend such harm, or any type of ammunition. Immediately surrender any firearms or ammunition that you know you own or possess or that you discover in your possession to your probation officer or other law enforcement authorities."

The probation condition in which the trial court stated, "You're not to annoy, molest, attack, strike, threaten, harass, stalk, sexually assault, batter, or disturb the peace of John Doe" is modified to provide, "You're not to knowingly annoy, molest, attack, strike, threaten, harass, stalk, sexually assault, batter, or disturb the peace of John Doe."

The probation condition in which the trial court stated, "Have no direct or indirect contact with the victim, including telephone—or contact by telephone, writing, computer, or through another person" is modified to provide, "Do not knowingly engage in direct or indirect contact with the victim, whether in person, in writing, on a computer, or through

8

another person.  If a direct contact occurs, immediately remove yourself from the victim's presence.  If an indirect contact occurs, immediately disengage from that contact."

The probation condition in which the trial court stated, "Stay away at least 100 yards from the victim, the victim's residence, their place of employment, and any vehicle the victim owns or operates" is modified to provide, "Do not knowingly come within 100 yards of the victim, his residence, his vehicles, and his places of employment."

The probation condition in which the trial court stated, "You're not to have access to, use, or possess any police scanner device or surveillance equipment on your person, vehicle, place of residence, or personal effects" is modified to provide, "You're not to knowingly have access to, use, or possess any police scanner device or any surveillance equipment that you intend to use to monitor the police, whether on your person, in your vehicle, at your place of residence, or among your personal effects."

With these modifications, the judgment is affirmed.


_____
                       Márquez, J.

WE CONCUR.



_____
   Elia, Acting P. J.



_____
   Mihara, J.


9