Filed 5/30/13  In re I.P. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| In re I. P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | C071551 |
| Plaintiff and Respondent, | (Super. Ct. No. J35119) |
| v. | |
| I. P., | |
| Defendant and Appellant. | |

Following a disposition hearing in June 2012, I. P. (the minor) was placed on formal probation.  The minor appeals, alleging that three conditions of his probation are unconstitutionally vague and therefore must be stricken and modified. We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The minor's terms of probation include, in pertinent part, the following conditions:

1

"6. Totally refrain from the use, control, or possession of any controlled substance, including alcohol, unless with a current prescription from a licensed physician, & possess no narcotic paraphernalia.

"[¶] . . . [¶]

"34. That the minor not have any dangerous or deadly weapon in his/her possession, nor remain in the presence of any unlawfully armed person.

"35. That the minor not associate with . . . [a]ny person involved in the crime for which he/she was adjudicated."

The minor timely appealed.

DISCUSSION

I

*Scienter Is Implied In Probation Conditions*

The minor claims that "General condition of probation six and special conditions of probation 34 and 35 . . . are unconstitutionally vague and overbroad" because they lack a knowledge requirement. Thus, he "could unknowingly violate the terms of his probation." The minor claims these conditions "must be stricken and modified" so as to include a knowledge requirement.

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions.' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)

The minor concedes that just two years ago in *People v. Patel* (2011) 196 Cal.App.4th 956, 960, this court announced "our intent to henceforth no longer entertain this issue on appeal." We held that, hereafter we would "construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly. It [is] no longer . . . necessary to seek a

2

modification of a probation order that fails to expressly include such a scienter requirement." (*Ibid*.) Nevertheless, I. P. invites us to reconsider our holding in *Patel* "in light of the subsequent holdings in other appellate courts and as a matter of public policy." We decline this invitation.

Two cases the minor relies on to show the necessity of including an explicit knowledge requirement in probation conditions are *In re Victor L.* (2010) 182 Cal.App.4th 902 and *People v. Garcia* (1993) 19 Cal.App.4th 97. *Patel* addressed both of these cases specifically and stated "we reject the conclusions reached in *Victor L.* and *Garcia*." (*People v. Patel*, *supra*, 196 Cal.App.4th at p. 960.) In response to the concerns raised in those cases, we noted "there is now a substantial uncontradicted body of case law establishing, as a matter of law, that a probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter. As with contracts generally, this should be considered a part of the conditions of probation ' "just as if [this was] expressly referred to and incorporated." ' " (*Patel*, at p. 960.) Addressing the court's unease in *Victor L.* that failing to include an explicit knowledge requirement could lead to "unfounded arrest and detention based on the whim or vengeance of an arbitrary or mean-spirited probation officer," (*In re Victor L.*, *supra*, 182 Cal.App.4th 913), the *Patel* court did "not discern how addressing this *specific* issue on a repetitive case-by-case basis [wa]s likely to dissuade a probation officer inclined to act in bad faith from finding some *other* basis for harassing an innocent probationer" (*Patel*, at p. 960). We see no reason to depart from this rationale.

The probation conditions at issue here fall squarely within the "presence, possession, association, or similar action" described by the court in *Patel* whereby the court construes the "probation condition . . . to require the action be undertaken knowingly." (*People v. Patel*, *supra*, 196 Cal.App.4th at pp. 960-961.) Thus, contrary to the minor's claim, there is no need to strike and modify the probation conditions to include a knowledge requirement because scienter is already implied.

## II

### *Defining Who Was "Involved" In The Crime*

The minor raises a separate contention in a *footnote,* namely, the definition of "involved" in probation condition No. 35 is vague because it does not explicitly state whether victims, witnesses, or police at the crime scene fit into the category of "[a]ny person involved in the crime for which [he] was adjudicated." He argues we must tailor probation condition No. 35 to specifically identify the people with whom the minor cannot associate. We do not address this separate contention, as it is not raised by a distinct heading in the opening brief and it lacks any citation to authority. (*Alameda County Flood Control & Water Conservation Dist. v. Department of Water Resources* (2013) 213 Cal.App.4th 1163, 1194-1195; *Salas v. Department of Transportation* (2011) 198 Cal.App.4th 1058, 1074; *Loranger v. Jones* (2010) 184 Cal.App.4th 847, 858, fn. 9.)

### DISPOSITION

The judgment (order of probation) is affirmed.


     ROBIE     , Acting P. J.



We concur:



     BUTZ     , J.



     MAURO     , J.