Filed 9/27/13  In re Daniel G. CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re DANIEL G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047775 |
| v. | (Super. Ct. No. DL042936) |
| DANIEL G., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Cheryl L. Leininger, Judge.  Reversed and remanded with directions.  Request for judicial notice.  Granted.

Brendan M. Hickey, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Heather F. Crawford, Deputy Attorneys General, for Plaintiff and Respondent.

\*　　　\*　　　\*

## INTRODUCTION

Daniel G. (the minor) admitted possessing a folding knife and a small amount of marijuana on school grounds. The minor was placed on probation, but was not made a ward of the juvenile court. The minor successfully completed probation, the case was dismissed, and probation was terminated.

On appeal, the minor argues the juvenile court improperly imposed a 10-year firearm ban as a condition of probation; the Attorney General agrees. Because the statutory firearm ban was not authorized, given the crimes which the minor admitted committing, we will order that the juvenile court vacate the ban.

The minor also argues that several probation conditions were overbroad because they failed to include a knowledge requirement. While the lack of a knowledge requirement can make a probation condition unconstitutional, in this case, the issue is moot because the minor successfully completed his probation, and probation has been terminated.

## BACKGROUND[1]

In June 2012, the minor, then 14 years old, was charged with unlawful possession of a folding knife on school grounds (Pen. Code, § 626.10, subd. (a)(1)) and possession of not more than 28.5 grams of marijuana on school grounds (Health & Saf. Code, § 11357, subd. (e)). The minor admitted to both misdemeanor violations, and the juvenile court placed him on probation without making him a ward of the court. (Welf. & Inst. Code, § 725, subd. (a).) The court advised the minor that it would

---

[1] Given the limited nature of the issues on appeal, we need not discuss the facts underlying the charges alleged against the minor.

2

consider allowing him to withdraw his plea and dismissing the case if the minor fully complied with his probation terms and did not get into further trouble for the next six months.

In April 2013, the minor's motion to withdraw his plea was granted. At that time, the petition was dismissed, and the nonwardship probation and all proceedings were terminated.[2]

## DISCUSSION

## I.

### *FIREARM BAN*

One of the conditions of the minor's probation was a 10-year firearm ban, pursuant to Penal Code section 29805. Section 29805 precludes anyone convicted of certain specified misdemeanors from, within 10 years of that conviction, owning, purchasing, receiving, or possessing any firearm. Penal Code section 29820 places a similar preclusion on minors adjudged to be wards of the juvenile court, which lasts until the individual reaches 30 years of age. Because the minor was not found to have committed any of the crimes specified in section 29805, a firearm ban under either section 29805 or 29820 was improper. Indeed, the Attorney General concedes that the firearm ban should be vacated.

## II.

### *SCIENTER REQUIREMENT*

The minor also argues that several of the probation conditions imposed on him are constitutionally overbroad because they lack a scienter requirement. A probation

---

[2] The Attorney General filed a request for judicial notice of the minute order dismissing the petition and terminating the minor's probation. The minor did not oppose the request. The minute order is a matter of which we may take judicial notice. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).) It is appropriate for this court to take judicial notice of a document that completes the context of the case (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 306, fn. 2), and we therefore grant the Attorney General's request.

condition might be subject to constitutional attack as vague or overbroad if it fails to advise the probationer what is required of him or her.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)  A probation condition might be overbroad if it does not include a necessary scienter requirement.  (*People v. Patel* (2011) 196 Cal.App.4th 956, 960.)

In this case, however, the minor successfully completed his probation, the petition has been dismissed, and the minor's probation has been terminated.  Under these circumstances, the minor's appeal on this issue is moot.

DISPOSITION

The order is reversed and remanded with directions to vacate the firearm ban.

FYBEL, J.

WE CONCUR:

O'LEARY, P. J.

RYLAARSDAM, J.

4