Filed 10/16/13  P. v. Harrison CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANGELA MARIE HARRISON,<br><br>    Defendant and Appellant. | A138258<br><br>(Napa County<br>Super. Ct. No. CR162397)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT[1]:


The opinion filed October 7, 2013, is hereby modified as follows:


1. On page 6, the last sentence of the opinion is deleted, and three sentences are added, which read:

    The condition of defendant's mandatory supervision barring her from possessing weapons is modified as follows:  "Do not own or possess any firearm, ammunition or other *deadly or dangerous* weapons."  (Italics added.)  As modified the judgment is affirmed.

---

[1]  Before Dondero, Acting P. J., and Banke, J.

Defendant's petition for rehearing is hereby denied.

There is no change in judgment.


Dated: _____          _____

                                       Dondero, Acting P. J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>ANGELA MARIE HARRISON,<br><br>　　　　Defendant and Appellant. | A138258<br><br>(Napa County<br>Super. Ct. No. CR162397) |

　　　　In this appeal, defendant Angela Marie Harrison challenges conditions of probation imposed by the trial court after she entered a no contest plea to one felony count, Penal Code section 118, subdivision (a) (perjury in an application for assistance).[2] The appeal is after a final judgment. There is no certificate of probable cause in the matter. The appeal is pursuant to section 1237. After review of the matter, we find no merit in defendant's claims and affirm.

### STATEMENT OF THE CASE

　　　　On January 18, 2013, the District Attorney of Napa County filed an information charging defendant with five counts of perjury by false application for aid, a violation of Penal Code section 118, subdivision (a), and one count of obtaining aid by misrepresentation, a violation of Welfare and Institutions Code section 10980, subdivision (c)(2). The information also alleged defendant had served a prior prison term in violation of Penal Code section 667.5, subdivision (b).

---

[2] All further statutory references are to the Penal Code unless otherwise indicated.

On January 29, 2013, based on a negotiated plea, defendant pled no contest to one count of perjury and admitted she had served a prior prison term. The district attorney dismissed the remaining counts of the information. On February 28, 2013, the court sentenced defendant to an aggregate term of two years. The sentence imposed included a one-year jail term to be served consecutively with a sentence defendant was already serving, and a one-year term in a mandatory supervision program.

On March 26, 2013, defendant filed a timely notice of appeal.

STATEMENT OF THE FACTS

From November 2009 through May 2010, defendant collected $1,941 in cash assistance and $537 in food stamps. She claimed the moneys based on the representation she had full custody and was the care giver for her child. On October 25, 2010, defendant admitted to an investigator for Napa County Health and Human Services she did not provide full care or custody for her child during the relevant period when she obtained public assistance.

DISCUSSION

I. *The Weapon Prohibition Condition Should Be Modified.*

As part of the sentence, the trial court imposed the following condition of mandatory supervision: "Do not own or possess any firearm, ammunition or other weapon." Defendant now argues this condition is vague because the condition does not specify what objects would be "other weapon[s]." Also, she argues the provision does not contain an express requirement that defendant knowingly violate the weapons condition. She asks the condition be modified to prohibit "knowingly" owning or possessing any object that she "intends" to use as a weapon. The Attorney General concedes the condition imposed here needs to be modified.

Our current sentencing law provides that instances of mandatory supervision include conditions applicable to probation. (§ 1170, subdivision (h)(5)(B)(i).) Any probation condition must include "fair warning." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) A condition of probation is not impermissibly vague if it is specific enough to inform a person how to comply with the obligation and permit a court to assess whether

4

the condition has been violated. (*Ibid.*) Conditions that require a probationer to guess whether he or she may be potentially violating probation do not provide fair warning and are deemed constitutionally vague. (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1184.)

In her brief, defendant argues the condition here would have the potential to preclude possession of "butter knives, broomsticks, [and] pencils." The Attorney General concedes the condition should be modified to bar possession of "deadly or dangerous weapons." This modification provides the probationer with a clear understanding of what violates the weapons condition prohibition. It provides a commonsense understanding: "[I]t prohibited possession of items specifically designed as weapons, and other items not specifically designed as weapons that the probationer intended to use to inflict, or threaten to inflict, great bodily injury or death. [Citation.] The condition [is] . . . 'sufficiently precise for [the probationer] to know what is required of [her].' " (*People v. Moore, supra,* 211 Cal.App.4th at p. 1186; *In re R.P.* (2009) 176 Cal.App.4th 562, 566–567.)

This modification acknowledges the fact that items like butter knives, broomsticks, and pencils become deadly or dangerous weapons when used by a probationer with a criminal purpose. Any weapon, maliciously used, can be a deadly or dangerous weapon. (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1028–1029.) Defendant, while on probation, must appreciate the need to distance herself from items that have such sinister purposes.

We do not believe it necessary to further modify the probation condition to require evidence defendant "intends" to use the item as a weapon. Such proof would allow a probationer to possess items otherwise improper because they were owned for purposes such as decoration or collectibles. Anyone on probation knows that supervision is a privilege; it triggers legal limitations because probation seeks to avoid future misconduct.

We also do not believe it necessary to remand the case back to the trial court to impose a scienter condition regarding weapons. Other districts have decided, as a matter of law, a probationer cannot be punished for possession, association, or other conduct

without proof of scienter. (*People v. Patel* (2011) 196 Cal.App.4th 956, 960 [Third District]; *People v. Moore, supra* 211 Cal.App.4th 1179, 1189 [Second District].) Applying this scienter requirement by implication to a probation condition negates the need for unnecessary review of probation challenges in the future and saves the courts considerable funds in our difficult budgetary times. It also preserves the rights of probationers generally from making future challenges when the legal principle involved is obvious.

II. *Defendant's Challenge to the Search Condition Is Forfeited and Meritless.*

Besides the weapons condition, the trial court imposed the following mandatory supervision condition: "Submit your person, residence, vehicle and property to search and seizure by a Probation Officer or any law enforcement officer, at any time of the day or night, with or without a warrant, and with or without reasonable suspicion. Contraband seized by the Probation Officer shall be disposed of, stored or returned at the discretion of the Probation Officer." At the time the condition was imposed by the sentencing judge, defendant did not object on the record to the condition.

Generally, a defendant must object to any probation condition at sentencing. (*In re Sheena K., supra,* 40 Cal.4th at p. 880.) The waiver rule applies in sentencing as in other aspects of the criminal law. If a condition is not acceptable or is unreasonable, the trial court should be able to hear the objection and make a ruling based on the court's view of the relationship of the condition to the offense or the history of the individual. (*People v. Welch* (1993) 5 Cal.4th 228, 230, 233–234.) Timely objection is critical. (*Id.* at pp. 234–235.) Probation conditions are rarely invalidated if not challenged when imposed, and appellate courts are not the forum best suited for assessing the propriety of particular conditions. (*Id.* at p. 236.)

A legal exception to this principle of waiver is the claim the condition is invalid on its face. However, a facial challenge is not presented here. Defendant contends the conditions of search do not apply based upon the criminal offense—perjury. She raises a direct challenge to the reasonableness of the condition. However, a failure to object at sentencing precluded the trial court from articulating the reasons for the condition. We

can safely say the search condition challenged is among the most common features of a probationary sentence designed to foreclose situations triggering future criminal conduct—it is a condition that encourages keeping one's nose "clean" during the probation period.

On the merits, the search condition acknowledges the discretion a trial court enjoys to do justice, encourage rehabilitation of the probationer, and protect the public. (*People v. Brandão* (2012) 210 Cal.App.4th 568, 574.) This condition has been especially recognized as a means to reduce recidivism and foster rehabilitation. (*People v. Robles* (2000) 23 Cal.4th 789, 795.) In this particular case, the probation report indicated defendant had a history of drug use, especially methamphetamine addiction. Her criminal history in the report suggested defendant may have violated criminal laws because of her drug usage. In the probation report, since 2006, defendant has been convicted of receiving stolen property, grand theft, petty theft with a prior conviction, and auto theft. Each conviction was sustained on separate instances. At the time of this sentencing, defendant had received a state prison commitment on February 1, 2011. The probation officer recommended the search condition in the report prepared for the trial court. Defendant advised her probation officer she no longer had a child residing with her because of drug usage. The probation report describes defendant as a person with "a high risk to reoffend." Harrison is a classic model of a probationer needing the search condition to curb criminal behavior. Needless to say, she satisfied the factors suggested in *People v. Lent* (1975) 15 Cal.3d 481, 486.[3]

III. *There Is No Evidence of Ineffective Assistance of Counsel.*

In a supplemental brief filed recently, appellate counsel challenges the performance of trial counsel based on the Sixth Amendment. The focus of deficient performance was in the failure to object to the search condition for the probationer. We have already indicated our belief the condition was obviously appropriate in this

---

[3] Superseded on another ground as stated in *People v. Brandão, supra*, 210 Cal.App.4th at page 574, footnote 2.

situation.  It is difficult to believe even an advocate on appeal would contend a search condition did not apply in this case.

A review of the proceedings below indicates trial counsel focused on the weapons condition.  One assumes that condition was the one he felt more appropriate to challenge.  As to the search condition, we have already pointed out it is a standard and recognized condition in matters where theft crimes and drug usage are present—like this case.  It was recommended by the probation officer in her report as a necessary condition.  To this panel, it would be most unlikely that a competent trial judge would refrain from imposing the condition here.  It is simply not a basis for deeming trial counsel ineffective from a Sixth Amendment perspective.

In summary we affirm the judgment here.


_____
Dondero, Acting P. J.


We concur:


_____
Banke, J.


_____
Sepulveda, J.*

_____

* Retired Associate Justice of the Court of Appeal, First Appellate District, Division Four, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.