Filed 10/16/15  P. v. Rayford CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>JOEL NATHAN RAYFORD,<br><br>          Defendant and Appellant. | A141455<br><br>(Contra Costa County<br>Super. Ct. No. 51319532) |

**I.**

**INTRODUCTION**

Appellant Joel Nathan Rayford appeals following his conviction for driving under the influence (DUI) with three prior DUI convictions (Veh. Code, §§ 23152, subd. (b), 23550).  He objects to two probation conditions prohibiting: (1) custody or control of "any concealable weapon" (weapons condition) and (2) possession of "any dangerous drugs" (drug condition).  He contends that both conditions are unconstitutionally vague because they lack a knowledge requirement, and they fail to define the operative terms. The Attorney General concedes that the language of the conditions should be more precise and that the drug condition, but not the weapons condition, should contain a knowledge requirement.  We order both the drug condition and the weapons condition to be modified to be further defined and to include a knowledge element in each. Otherwise, we affirm the judgment as modified.

1

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

The Contra Costa County District Attorney charged appellant with three offenses resulting from his arrest on October 19, 2012: driving under the influence with three prior convictions within the last ten years (Veh. Code, §§ 23152, subd. (a), 23550); driving under the influence with a blood-alcohol content of 0.08 percent or more with three prior DUI convictions (Veh. Code, §§ 23152, subd. (b), 23550); and driving while his license was suspended for a previous DUI conviction (Veh. Code, § 14601.2, subd. (a)). Appellant pled no contest to count two: driving with a blood-alcohol level of 0.08 percent or higher with three prior convictions. He admitted that he had been convicted of driving under the influence on three previous occasions, and that on the date of the current offense his blood-alcohol level was over 0.15 percent.

The court suspended imposition of sentence, and placed appellant on five years of formal probation. The court ordered appellant to serve 365 days in county jail with credit for 206 days, with the balance to be served on home detention. The court imposed the following probation conditions, among others: (1) "You cannot have in your custody or control any rifle, shotgun, firearm, any concealable weapon or any ammunition," and (2) "You cannot possess any dangerous drugs, narcotics, or narcotic paraphernalia."[1]

## III.

## DISCUSSION

Appellant's claims that his probation conditions are unconstitutionally vague and overbroad, and his objections to them now are not forfeited by his failure to raise them in the trial court. (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*).)

---

[1] The court's written probation order contained slightly different wording than its pronouncement at the hearing: (1) "Not own or possess or control any firearm or weapon," and (2) "Not use or possess any dangerous drugs, narcotics, marijuana, or narcotic paraphernalia without a prescription." The record of the court's oral pronouncement of the probation conditions controls over the clerk's minute order. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2.)

A probation condition " 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. . . ." (*Sheena K.*, *supra*, 40 Cal.4th at p. 890, quoting *People v. Reinertson* (1986) 178 Cal.App.3d 320, 324–325.) The "underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.]" (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "A probation condition which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application, violates due process." (*People v. Freitas* (2009) 179 Cal.App.4th 747, 750.)

## A. Weapons Condition

Appellant raises two arguments with respect to the probation condition prohibiting possession of weapons: first, it fails to give fair warning of what objects are prohibited, and second, it lacks a knowledge requirement. Respondent agrees that the term "concealable weapon" should be more precisely defined, but argues that a scienter requirement is not necessary. We agree with the parties that the term "concealable weapon" is vague and does not adequately define what constitutes a weapon. As suggested, the probation condition should be modified to prohibit appellant's custody or control of concealable "dangerous or deadly" weapons to clarify the nature of the weapon at issue. The phrase "deadly or dangerous weapon" refers to both "items specifically designed as weapons, and other items not specifically designed as weapons that the probationer intended to use to inflict, or threaten to inflict, great bodily injury or death. [Citation.]" (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1186; *In re R.P.* (2009) 176 Cal.App.4th 562, 568 [prohibiting the probationer from possession of a dangerous or deadly weapon was sufficiently precise to know what is required of him].)

In addition, we agree with appellant that the probation condition should be modified to include a knowledge requirement. In so concluding, we acknowledge that some courts have found an express knowledge requirement is unnecessary as it is implicit in every probation condition because in order to find a violation, the probationer must have willfully violated the probation condition. (*People v. Moore*, *supra*, 211

3

Cal.App.4th at pp. 1186–1187 [if a probationer lacks knowledge that he is in possession of weapon, his possession cannot be considered a willful probation violation]; *People v. Patel* (2011) 196 Cal.App.4th 956, 960–961 [construing "every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly"].)

However, we believe the better view is that knowledge of the prohibited item or conduct should not be left to implication. In *In re Victor L.* (2010) 182 Cal.App.4th 902 (*Victor L.*), another division of this court modified a probation condition to include an express knowledge requirement. The probation condition required the minor " 'not remain in any building, vehicle or in the presence of any person where dangerous or deadly weapons or firearms or ammunition exist' " without limiting it to buildings or vehicles that he "*knows* to contain, or people who[m] he *knows* to possess, such weapons." (*Id.* at p. 912, original italics.) The *Victor L.* court rejected the argument adopted in *People v. Moore* that a knowledge requirement was not necessary because the condition should be given a "commonsense reading" and the minor's probation could not be revoked without evidence of a willful violation. (*Victor L.*, at p. 913.) The court went on to hold that "[d]ue process requires more. It requires that the probationer be informed *in advance* whether his conduct comports with or violates a condition of probation." (*Ibid*.)

Similarly, in *People v. Freitas* the defendant objected to a probation condition prohibiting possession of firearms or ammunition because it lacked a knowledge requirement. (*People v. Freitas*, *supra*, 179 Cal.App.4th 747.) The *Freitas* court held that the condition should be modified to specify that it applied to "knowing" possession because "the law has no legitimate interest in punishing an innocent citizen who has no knowledge of the presence of a firearm or ammunition." (*Id.* at p. 752.)

Therefore, we follow the approach in *Victor L.* and the Supreme Court's approach in *Sheena K.* that "modification to impose an explicit knowledge requirement is

necessary to render the condition constitutional. [Citations.]" (*Sheena K.*, *supra*, 40 Cal.4th at p. 892.)[2]

## B. Drug Condition

Appellant also contends that the probation condition prohibiting him from possessing "any dangerous drugs, narcotics or narcotic paraphernalia" is unconstitutionally vague because he must guess which substances are prohibited, and this condition also lacks a knowledge requirement. Respondent concedes that the condition should be more specific and include a knowledge requirement.

Appellant and respondent agree the condition should contain the following modified language: "any controlled substances, or prescription drugs for which you do not have a current or valid prescription, narcotics or narcotics paraphernalia." We agree. (See *People v. Orozco* (2012) 209 Cal.App.4th 726, 733 [California Uniform Controlled Substances Act replaced the term "restricted dangerous drugs" with the more comprehensive term, "controlled substances"].)

Appellant and respondent also agree that the probation condition should include a knowledge requirement. Adding the requirement of "knowing possession" addresses concerns about accidental possession. As explained above, a knowledge requirement also eliminates any potential vagueness. (See *People v. Rodriguez* (2013) 222 Cal.App.4th 578, 593-594 [modifying probation condition to not possess intoxicants, narcotics, or other controlled substances without a prescription to add an express knowledge requirement because the condition was not limited to substances regulated by statute].)

---

[2] A case currently before our Supreme Court presents the issue of whether a probation condition prohibiting contact among minors must be modified to include a knowledge requirement. (*In re A.S.*, review granted Sept. 24, 2014, S220280.)

# IV.

## DISPOSITION

The weapons condition is ordered modified as follows: "You cannot knowingly have in your custody or control any rifle, shotgun, firearm, any concealable dangerous or deadly weapon, or any ammunition." The drug condition is ordered modified as follows: "You cannot knowingly possess any controlled substances, prescription drugs for which you do not have a current or valid prescription, narcotics or narcotics paraphernalia." As modified, the judgment is affirmed.

_____
RUVOLO, P. J.

We concur:


_____
RIVERA, J.


_____
STREETER, J.

6