Filed 11/19/20  In re A.W. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.W, a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>              v.<br><br> A.W.,<br><br>    Defendant and Appellant. | F081173<br><br>(Super. Ct. No. 18CEJ600404-1A)<br><br>**OPINION** |

## THE COURT*

APPEAL from an order of the Superior Court of Fresno County.  Gary D. Hoff, Judge.

Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*       Before Levy, Acting P.J., Detjen, J. and Snauffer, J.

Minor, A.W., appeals from a disposition order adjudging him a ward of the juvenile court and placing him on probation. (Welf. & Inst. Code, § 602.) He contends that the condition of his probation prohibiting his association and contact with specific individuals (the no-contact condition) is unconstitutionally vague and overbroad because it does not specify that it prohibits only knowing and purposeful contact. The People disagree. We affirm.

## PROCEDURAL SUMMARY

On January 6, 2020,[1] the Fresno County District Attorney filed a wardship petition (Welf. & Inst. Code, § 602, subd. (a)), alleging the 16-year-old minor had committed carjacking (Pen. Code, § 215;[2] count 1) and robbery (§ 211; count 2).

On March 9, the court found the allegations of the petition true and concluded both offenses were felonies. The minor therefore fell within the jurisdiction of the juvenile court.

On May 1, the court held a disposition hearing. On count 1, the court found the maximum period of confinement to be nine years (§ 215); on count 2, the court stayed imposition of sentence. The court adjudged the minor to be a ward of the juvenile court, placed the minor on probation until November 28, 2021, and set conditions of probation. The court further ordered the minor removed from the custody of his parents and committed him to the custody of the New Horizons program.

On May 19, the minor filed a notice of appeal.

## FACTUAL SUMMARY

On January 2, at about 6:00 p.m., Stephanie Western left work, began talking on the telephone, and walked to her car. She saw three young men walking down the

---

[1] All further dates refer to the year 2020.

[2] All further statutory references are to the Penal Code unless otherwise stated.

2.

sidewalk but paid them little attention. As she went to put her key in the car door, the minor, a heavyset young man with "wild …, fluffy" hair, who wore a grey "hoodie" sweatshirt and pants with a stripe down the side, grabbed her by the neck from behind. A second young man, who wore a mask and hoodie sweatshirt, attempted to take Western's keys from her hand. She pushed back and said " '[N]o, no, no [….] [W]hy are you doing this[?] You don't have to do this[.]' " The minor then dragged her to the ground, held something to the back of her head, and told her to give them her keys. She believed that the item held to her head was a gun because the minor told her he would "put a bullet in [her] head" and because the item felt cold, hard, and heavy. She then threw her car keys to the second young man.

The third young man, who had dreadlocks, then demanded that Western give him her telephone. She did not comply and instead put her phone in her pocket. At the same time, the second young man entered the front driver's side door to Western's car and the minor entered the rear driver's side door. The third young man then entered the front passenger door and told Western to "get out of here, just take off."

Western went back into her workplace and told a coworker to call 911.

At about 6:32 p.m. on the same day, police officers identified a car that matched the description of Western's car. When the officers began to follow the car, it sped away and the officers pursued. After about five to seven minutes, the car struck two other cars and came to a stop. The minor and the two other young men ran north until they were arrested by the officers.

After the minor and the other young men were arrested, Western identified them as her assailants in an infield showup.

## DISCUSSION

The minor challenges the following no-contact condition of his probation:

3.

"The Court is ordering the minor not to associate with the coparticipant [J.B.]³ and he[ i]s not to associate with anyone he knows of that is disapproved of by his probation officer or the parent or guardian. [¶] He is not to have any direct or indirect contact with the victim in this matter."

The minor argues that the no-contact condition is unconstitutionally vague and overbroad because it does not include a "knowledge qualifier." He contends that the order should be modified to read as follows:

"The Court is ordering the minor not to <u>knowingly or purposefully</u> associate with the coparticipant J[.]B[.] and he[ i]s not to <u>knowingly or purposefully</u> associate with anyone he knows [ ] is disapproved of by his probation officer or the parent or guardian. He is not to have any <u>knowing or purposeful</u> direct or indirect contact with the victim in this matter."

The People contend that the no-contact condition is not unconstitutionally overbroad because it clearly identifies the individuals the minor cannot associate with. Further, the condition is not unconstitutionally vague because it cannot be reasonably read to preclude the minor *unknowingly* or *inadvertently* associating or contacting the coparticipant or Western. Because there is a "substantial uncontradicted body of case law establishing, as a matter of law, that a probationer cannot be punished for presence … association, or other actions absent proof of scienter" the court was not required to make the scienter requirement explicit. We agree with the People.

A condition of probation can be unconstitutionally vague if it " 'forbids or requires the doing of an act in terms so vague' that people of 'common intelligence must necessarily guess at its meaning and differ as to its application.' [Citations.] To withstand a constitutional challenge on the ground of vagueness, a probation condition must be sufficiently definite to inform the probationer what conduct is required or prohibited, and to enable the court to determine whether the probationer has violated the condition." (*People v. Hall* (2017) 2 Cal.5th 494, 500.) A condition of probation may

---

**3**     The other coparticipant was the minor's brother. The court did not impose a no-contact condition between the minor and his brother.

4.

also be invalid because it is unconstitutionally overbroad. (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)

First, the minor relies on cases that modified conditions of probation that prohibited contact with "gang members" (*People v. Leon* (2010) 181 Cal.App.4th 943, 954–955; *In re Justin S.* (2001) 93 Cal.App.4th 811, 816; *People v. Lopez* (1998) 66 Cal.App.4th 615, 628–629) and "felons, ex-felons or users or sellers of narcotics" (*People v. Garcia* (1993) 19 Cal.App.4th 97, 100, 102). In those cases, the courts of appeal explained that the associational restrictions imposed were unconstitutionally overbroad because they restricted the defendant's association with those *not known to him* to be gang members, or ex-felons, felons, or users or sellers of narcotics, respectively. (*Leon*, at p. 950; *Justin S.*, at p. 816; *Lopez*, at pp. 628–629; *Garcia*, at p. 102.) The conditions made the defendants "vulnerable to criminal punishment for 'associating with persons not known to [them] to be' " gang members, ex-felons, felons, or users or sellers of narcotics. (*Leon*, at p. 950.) Accordingly, those courts modified the conditions of probation to prohibit association with persons *known to the defendant to be* gang members (*Leon*, at p. 950; *Justin S.*, at p. 816; *Lopez*, at pp. 628–629), or ex-felons, felons, or users or sellers of narcotics (*Garcia*, at p. 102).

Here, the minor contends that we must modify the no-contact condition to prohibit only "*knowing[ ] and purposeful[ ] associat[ion]*" with the coparticipant or known prohibited persons, and "*knowing[ ] and purposeful[ ] contact*" with Western. However, none of the cases that the minor relies upon require such a modification. The no-contact condition already only prohibits the minor from associating with the coparticipant or people known to him to be disapproved of by his probation officer or parent, or contacting Western. In other words, the minor is only prohibited from association or contact with persons he *knows to be* prohibited persons. He is not, for instance, broadly prohibited from having contact with all gang members or drug users regardless of whether he knows those people are gang members or drug users. (See *In re Sheena K.*,

*supra*, 40 Cal.4th at p. 891.) The modification he seeks would not limit, clarify, or in any way affect the composition of the group of persons the minor is prohibited from contacting or associating with. Indeed, the no-contact condition as it exists mirrors the language expressly approved by the Supreme Court in addressing vagueness and overbreadth challenges. (*Id*. at p. 892 ["we suggest that form probation orders be modified so that such a[n] [associational] restriction explicitly directs the probationer not to associate with anyone 'known to be disapproved of' by a probation officer or other person having authority over the minor"].)

Second, the modification that the minor seeks would expressly state the requisite scienter for violation of the no-contact condition; it would make clear that he would not violate probation if he inadvertently or unknowingly contacted a person he is prohibited to contact. However, as the People correctly note, it is well established "a probationer cannot be punished for presence …, association, [contact], or other actions absent proof of scienter." (*People v. Patel* (2011) 196 Cal.App.4th 956, 960). For that reason, a condition of probation is not unconstitutionally vague for failure to include a scienter requirement. (*People v. Hall*, *supra*, 2 Cal.5th at pp. 501–503.) Accordingly, the absence of an express scienter requirement here does not render the no-contact condition unconstitutional.

The no-contact condition of the minor's probation is not void for vagueness or unconstitutionally overbroad.

## DISPOSITION

The disposition order is affirmed.