Filed 5/3/16  P. v. Medrano CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068486 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF34691) |
| JOEY LUNA MEDRANO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Raymond A. Cota, Judge.  Affirmed as modified.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Alana Butler and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

Joey Luna Medrano pleaded no contest to one charge of making criminal threats in violation of Penal Code section 422, subdivision (a)[1] (count 1). A second charge, disobeying a court order in violation of section 166, subdivision (a)(4) (count 2), was dismissed. The trial court placed Medrano on three years' formal probation and imposed fees and probation terms as recommended by the probation officer. On appeal, Medrano asserts that the drug testing fee, collection processing fee, probation supervision costs, and report preparation fee should be stricken because he lacks the ability to pay the fees. He also asserts that several of his probation conditions should be modified to include a knowledge requirement. We affirm the judgment, but modify to strike the drug testing fee, and modify the probation condition precluding Medrano from entering any liquor store to include a knowledge requirement.

FACTUAL AND PROCEDURAL BACKGROUND

Medrano was arrested after he stood outside of the home of Michael Blanchard and threatened to kill Blanchard and his family. Medrano was under the influence of alcohol at the time. Medrano was arrested and charged with one count of making criminal threats and one count of disobeying a court order. Medrano pleaded no contest to count 1, making criminal threats, and count 2, disobeying a court order, was dropped. The trial court sentenced Medrano to three years of formal probation on the condition that he serve 270 days in custody, and awarded him 133 credits.

Before the sentencing hearing, a probation report was prepared recommending the following fees: (1) a drug testing fee of $7 per test, pursuant to Imperial County

_____

1. Statutory references are to the Penal Code unless otherwise stated.

2

Ordinance section 2.84.060[2] and Penal Code section 1203.1ab; (2) a probation supervision cost of $25 per month pursuant to County Ordinance section 2.84.020 and Penal Code section 1203.1b, subdivision (a); (3) an administrative collection processing fee of $25 pursuant to County Ordinance section 2.84.050 and Penal Code section 1203.1b, subdivision (h); (4) an immediate critical needs assessment criminal conviction fee of $30 pursuant to Government Code section 70373, subdivision (a)(1); (5) a court operation assessment fee of $40 pursuant to Penal Code section 1465.8, subdivision (a)(1); (6) a court-appointed attorney fee of $200; (7) a probation report preparation fee of $200 pursuant to County Ordinance section 2.84.040 and Penal Code section 1203.1b, subdivision (a); and (8) a restitution fine of $300 pursuant to Penal Code section 1202.4, subdivision (b).

The probation report also recommended several probation requirements: (1) abstain from the use of alcoholic beverages; (2) abstain from the use or possession of alcoholic beverages, even in his own home; (3) not enter the premises of any business whose main product being sold is that of alcoholic beverages; and (4) follow all standard terms of probation and reasonable orders of the probation officer.

At the sentencing hearing, defense counsel objected to the imposition of the discretionary fees set forth in the probation report, including the attorney fee and the administrative fee for preparation of the probation report. Defense counsel stated that Medrano was unemployed and had no ability to pay the fees.

---

2     All references to County Ordinances refer to Imperial County Ordinances.

The court found that although Medrano may not have the present ability to earn money, he would have an opportunity to become employed and earn money while on probation. The court imposed all of the recommended fees, except the $200 court-appointed attorney fee, and it reduced the probation report preparation fee from $200 to $100. The court imposed an additional probation revocation restitution fine of $300 pursuant to section 1202.44. The court imposed all of the recommended probation terms and conditions.

DISCUSSION

As stated, Medrano challenges several of the fees and probation conditions imposed by the trial court.

I

Specifically, Medrano contends that (1) the $25 collection processing fee, (2) the probation supervision cost of $25 per month, (3) the $100 administrative fee for the probation report preparation, and (4) the drug testing fee of $7 per test were improperly imposed because he does not have the ability to pay. We agree and the Attorney General concedes that the drug testing fee should be stricken. We affirm the imposition of the three other challenged fees.

A.    *Collection Processing Fee*

" 'When construing a statute, we must "ascertain the intent of the Legislature so as to effectuate the purpose of the law." ' [Citation.] '[W]e begin with the words of a statute and give these words their ordinary meaning.' [Citation.] 'If the statutory language is clear and unambiguous, then we need go no further.' [Citation.] If, however, the

4

language supports more than one reasonable construction, we may consider 'a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.' [Citation.] Using these extrinsic aids, we 'select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' " (*People v. Sinohui* (2002) 28 Cal.4th 205, 211-212.)

The $25 collection processing fee imposed pursuant to section 1203.1b, subdivision (h) is not subject to an ability to pay determination. The provision states, "The board of supervisors in any county, by resolution, may establish a fee for the processing of payments made in installments to the probation department pursuant to this section, not to exceed the administrative and clerical costs of the collection of those installment payments as determined by the board of supervisors, except that the fee shall not exceed seventy-five dollars ($75)." (*Ibid*.) Because subdivision (h) does not expressly contain an ability to pay requirement, it is not subject to an ability to pay determination. Had the Legislature wanted to subject the fee to an ability to pay requirement, it knew how to do so and, in fact, did do so in the same statute. Subdivision (a) specifies that the probation officer of the defendant's authorized representative "shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision" and the cost of preparing his probation report. (*Id.*, subd. (a).) Subdivision (e) defines the term "ability to pay" and references

5

supervision costs and costs of preparing reports, but does not reference the cost of processing collection payments. (*Id.*, subd. (e).) Medrano argues that "there is no evidence that [he is able] to pay the discretionary fees imposed by the court." Although Medrano does not explicitly argue that this particular fee under section 1203.1b, subdivision (h) is subject to an ability to pay determination, we can infer this argument from his statements in his opening brief.

B.      *Probation Supervision Costs and Administrative Fee for Preparation of the Probation Report*

Medrano next contends that the probation supervision cost and the administrative fee for probation report preparation should be stricken because he lacks the ability to pay. (§ 1203.1b, subd. (a).)

In order to impose the costs of probation supervision and report preparation, the court must make either an express or implied finding that the person has the ability to pay. (§ 1203.1b, subd. (e); *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1398.) The court's direct or implied finding of ability to pay must be supported by substantial evidence. (*Pacheco*, at p. 1398). Under the substantial evidence test, "our review is limited to the determination of whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision. In that regard, we give great deference to the trial court and resolve all inferences and intendments in favor of the judgment. Similarly, all conflicting evidence will be resolved in favor of the decision." (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848-849, fns. omitted.)

6

Section 1203.1b, subdivision (e) defines " 'ability to pay' " as "the overall capability of the defendant to reimburse the costs, or a portion of the costs" authorized by subdivision (a). Subdivision (e) includes a nonexhaustive list of the factors a court is to consider in making a determination that a defendant has an ability to pay the relevant fees. The factors include a defendant's: "(1) Present financial position. [¶] (2) Reasonably discernible future financial position. In no event shall the court consider a period of more than one year from the date of the hearing for purposes of determining reasonably discernible future financial position. [¶] (3) Likelihood that the defendant shall be able to obtain employment within the one-year period from the date of the hearing. [¶] (4) Any other factor or factors that may bear upon the defendant's financial capability to reimburse the county for the costs." (*Id.*, subd. (e).)

"[A] determination of ability to pay may be made based on the person's *ability to earn* where the person has no physical, mental or emotional impediment which precludes the person from finding and maintaining employment . . . ." (*People v. Staley* (1992) 10 Cal.App.4th 782, 783 [interpreting analogous fee statute].) "Ability to pay does not necessarily require existing employment or cash on hand." (*Id.* at p. 785.) Further, impending incarceration alone does not establish an inability to pay fines and fees. (*People v. Nelson* (2011) 51 Cal.4th 198, 227.)

Substantial evidence supports the trial court's finding that Medrano "will have a period of [p]robation to become employed and have an opportunity to earn money to pay" the fees the court imposed. Medrano is a young man with no psychological or medical problems. Medrano has a high school diploma and has considered attending

7

community college. Medrano was previously employed. Medrano is not married, has no dependents, and lives with his parents. He also receives food stamps and stated that he works side jobs occasionally. There is no evidence that Medrano has other financial obligations that will interfere with his ability to pay these fees.

When Medrano was sentenced, the court imposed a 270-day custodial term and awarded Medrano 133 credits. Thus, Medrano had 137 remaining days to serve in custody as of the sentencing date, June 17, 2015. At sentencing, therefore, the trial court knew Medrano would have time while on probation to find employment within the one-year period considered in determining ability to pay.

We also reject Medrano's contention that the trial court's decision to strike the fee for court-appointed counsel and reduce the fee for preparation of the probation officer's report from $200 to $100 was contrary to the court's determination that Medrano could pay other discretionary fees. The court properly exercised its discretion in reducing some of the fees and deciding that Medrano could pay the rest, taking into consideration all of the factors concerning his ability to pay.

We also note, as the trial court below did, that after the initial determination of a defendant's ability to pay, section 1203.1b, subdivision (f) authorizes a defendant who experiences a change of circumstances to petition for a review of his ability to pay. If Medrano makes a full effort to obtain employment after he is released from custody or enrolls in school and his wages are insufficient to pay the fine, he may raise this issue at that time.

8

C.    *Drug Testing Fee*

Finally, Medrano argues, and the Attorney General concedes, that the $7 drug testing fee imposed for each drug test should be stricken.  Section 1203.1ab calls for the imposition of a fee to cover costs for drug testing if it is ordered by a court.  Under the statute, if a defendant has been convicted of "any offense involving unlawful possession, use, sale, or furnishing of any controlled substance" and "[i]f the defendant is required to submit to testing and has the financial ability to pay all or part of the costs associated with that testing, the court shall order the defendant to pay a reasonable fee, which shall not exceed the actual cost of the testing."  (*Ibid*.)  Because Medrano was not convicted of a drug-related crime, the fee was imposed erroneously and should be stricken.

II

Medrano argues that certain probation conditions imposed by the trial court are overbroad and vague because they do not contain a knowledge requirement.  The Attorney General concedes and we agree that a knowledge requirement should be added to the condition restricting Medrano from entering a liquor store.

A.    *Legal Standard*

Trial courts have broad discretion in determining the conditions of probation.  (*People v. Peck* (1996) 52 Cal.App.4th 351, 362.)  This broad discretion allows the courts to impose conditions of probation that will foster rehabilitation and reformation of the defendant, protect the public and the victim, and ensure justice is done.  (§ 1203.1, subd. (j); *Brown v. Superior Court* (2002) 101 Cal.App.4th 313, 319.)

9

Probation conditions " 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated . . . .' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)  "We construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly." (*People v. Patel* (2011) 196 Cal.App.4th 956, 960 (*Patel*).)

However, probation conditions are also subject to the "void for vagueness doctrine." (*People v. Reinertson* (1986) 178 Cal.App.3d 320, 324, 325 (*Reinertson*).) The underlying concern is the constitutional due process requirement of adequate notice. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 630.)  A probation condition "must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated." (*Reinertson,* at pp. 324-325.)  If a probation condition has a "plain commonsense meaning, which is well settled," the condition is not unconstitutionally vague. (*People v. Rodriquez* (1975) 50 Cal.App.3d 389, 398 (*Rodriquez*).)  The doctrine requires no more than reasonable certainty of what is being prohibited. (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1117.) Whether a probation condition is void for vagueness is a question of pure law. (*In re Justin S.* (2001) 93 Cal.App.4th 811, 815.)

B.     *Probation Conditions*

Medrano challenges the probation conditions requiring him to "totally abstain from the use of alcoholic beverages," and requiring him to "totally abstain from the use or possession of alcoholic beverages even in his own home." Medrano contends that these

10

two conditions should include a knowledge requirement so he is not faulted for violating his probation should he accidentally consume or possess alcohol. We disagree. A substantial body of case law establishes that a "probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter." (*Patel, supra,* 196 Cal.App.4th at p. 960.) Generally, therefore, it is not necessary to include an express scienter requirement in probation orders. Further, "[a] court may not revoke probation unless the evidence supports 'a conclusion [that] the probationer's conduct constituted a willful violation of the terms and conditions of probation.' " (*People v. Cervantes* (2009) 175 Cal.App.4th 291, 295, quoting *People v. Galvan* (2007) 155 Cal.App.4th 978, 982.) Because a scienter requirement is inherent in these two probation conditions, Medrano will not be punished for unwillingly violating the conditions.

Medrano's reliance on *People v. Rodriguez* (2013) 222 Cal.App.4th 578, 594 is misplaced. In *Rodriguez*, the court added a knowledge requirement to a condition that prohibited the use and possession of alcohol, intoxicants, narcotics, or other controlled substances because the category of intoxicants is "susceptible of different interpretations, which may include common items . . . [and] the addition of an express knowledge requirement will eliminate any potential for vagueness or overbreadth in applying the condition." (*Ibid.*) General intoxicants, which are not included in the probation condition here, have the potential to be interpreted differently. "Alcohol" is not vague, and the condition thus clearly states what it sets out to prohibit. (See *id.* at p. 593 [" 'Although the possessor's knowledge of the presence of the controlled substance and its

11

nature as a restricted dangerous drug must be shown, no further showing of a subjective mental state is required.' "].)

Medrano also challenges the condition that he "follow all standard terms of probation and reasonable orders of the probation officer." Medrano asserts this condition is unconstitutionally vague and should be stricken because it suggests he may be expected to follow standard conditions that were not specifically listed in his probation order. We disagree. The condition is reasonably interpreted to mean Medrano must follow the conditions of his probation as they have been explained to him, as well as the reasonable orders of his probation officer. Because this condition has a commonsense meaning and can be reasonably interpreted, it is not unconstitutionally vague. (*Rodriquez, supra,* 50 Cal.App.3d at p. 398.)

Lastly, Medrano challenges the condition stating that he "shall not enter the premises of any business whose main product being sold is that of alcoholic beverages." Medrano asserts that even if a knowledge requirement is added, the condition remains unconstitutionally vague. Because it is unclear what is meant by " 'main product being sold,' " he argues "it is not clear whether alcohol must be the 'main product' relative to the number of items offered for sale, the number of items that are actually sold, or the amount of revenue generated." The Attorney General responds that a knowledge requirement should be added to this condition so that Medrano cannot be found in violation if he unknowingly enters an establishment whose main product being sold is alcoholic beverages. The Attorney General argues that such a requirement sufficiently clarifies this condition.

12

We agree with the Attorney General. As discussed, probation conditions are subject to the "void for vagueness doctrine," which requires only reasonable certainty of what is being prohibited. If it is reasonable for Medrano not to know that a business's main product being sold is alcoholic beverages, he will not be punished for entering the premises of any such business. A knowledge requirement therefore is sufficient to clarify the condition so that it is clear Medrano can only be found in violation if he is aware the business's main product is alcohol. (*Reinertson, supra,* 178 Cal.App.3d at pp. 324-325; *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1117.) We will modify the probation condition accordingly.

## DISPOSITION

The judgment is modified to strike the drug testing fee. Probation condition No. 10 in the sentencing order dated June 17, 2015, is modified to state: "Defendant shall not enter the premises of any business where he knows or reasonably should know the main product being sold is that of alcoholic beverages." The judgment is affirmed as modified.

13

The trial court is directed to amend the abstract of judgment accordingly and to forward a certified copy to the Department of Corrections and Rehabilitation.

PRAGER, J.[*]

WE CONCUR:


BENKE, Acting P. J.


IRION, J.

---

[*]    Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.